666 So.2d 1032 (1996)
SABAL TRANSPORT and the Claims Center, Appellant,
v.
James D. BROOKS, Appellee.
No. 95-636.
District Court of Appeal of Florida, First District.
January 26, 1996.
E. Taylor Davidson of Dicesare & Davidson, P.A., Lakeland, for appellant.
Susan W. Fox of MacFarlane, Ausley, Ferguson & McMullen, Tampa, and H. Guy Smith of Smith & Brunetti, P.A., Lakeland, for appellee.
KAHN, Judge.
In this workers' compensation case, the employer/carrier (E/C) appeal an order awarding benefits to the claimant, James D. Brooks. We affirm without discussion two of the three points raised by the E/C. We also affirm the third point on appeal because, contrary to the E/C's assertion, the judge of compensation claims (JCC) did not err in allowing Brooks to include in the pretrial stipulation claims not included in the original claim for benefits.
On December 16, 1993, Brooks filed a Claim for Benefits seeking permanent total disability (PTD). In the pretrial stipulation filed with the JCC on August 22, 1994, Brooks included, in addition to the PTD claim, claims for correction of his average weekly wage (AWW) as well as medical care and treatment provided by Dr. Arturo Gonzalez and Dr. Robert Martinez. The E/C then filed a Motion to Dismiss Claims for Average Weekly Wage and Medical Care Included in the Pre-Trial Stipulation. In the motion, the E/C asserted that Brooks had not filed a request for assistance and had not *1033 exhausted the procedures for informal dispute resolution as provided in section 440.191, Florida Statutes (Supp. 1994), regarding the AWW and medical claims.
At the hearing, however, the JCC allowed the AWW and medical issues to proceed as they were sufficiently connected to the original claim, PTD. The JCC also indicated that he would allow the E/C additional time to conduct discovery and present evidence concerning those two issues. In the order, the JCC found that the treatment provided by Dr. Gonzalez and Dr. Martinez was reasonable and medically necessary and that the E/C had timely notice of the claim for the care provided by Dr. Gonzalez and Dr. Martinez as of March 9, 1994. The JCC thus found the E/C responsible for the past, present, and continuing care and treatment of Brooks provided by Dr. Gonzalez and Dr. Martinez. The JCC also found that the E/C had adequate notice prior to trial that the AWW was at issue and therefore determined the correct AWW.
We find that the JCC acted properly in adjudicating the AWW and medical issues. "[W]here a pretrial stipulation states a claim or defense to be presented, even though no formal claim or defense has been filed, and has been accepted and approved by the JCC, the claim or defense is properly at issue in a workers' compensation proceeding." Kilbourne & Sons v. Kilbourne, No. 93-3796, ___ So.2d ___ (Fla. 1st DCA Dec. 19, 1995); see McCabe v. Bechtel Power Corp., 645 So.2d 1065 (Fla. 1st DCA 1994).
A contrary result would prove highly inefficient and would frustrate the purpose of the Workers' Compensation Law. Section 440.191(1)(a), Florida Statutes (Supp. 1994), provides: "In order to effect the self-executing features of the Workers' Compensation Law, this chapter shall be construed to permit injured employees and employers or the employer's carrier to resolve disagreements without undue expense, costly litigation, or delay in the provisions of benefits." As the present case was already in litigation and had proceeded to a pretrial conference, referral to the Employee Assistance and Ombudsman Office (EAOO) would not effect the self-executing features of the system. Indeed, such referral would cause, rather than preclude, undue expense, costly litigation, and delay. Furthermore, section 440.192(2), Florida Statutes (Supp. 1994), contemplates the review of every petition by a docketing judge and this procedure makes little sense in the context of a case, such as this one, that is already pending before a JCC. Therefore, because the matter was already in litigation before a JCC, with both parties represented, no statutory purpose would have been served by referral to the agency bureaucracy.
AFFIRMED.
ZEHMER, C.J., and BARFIELD, J., concur.