714 So.2d 1188 (1998)
LAKESIDE BAPTIST CHURCH and Preferred Risk Group, Appellants,
v.
Ellen JONES, Appellee.
No. 97-3724.
District Court of Appeal of Florida, First District.
August 3, 1998.
*1189 Pamela L. Foels of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., for Appellants.
Pat T. Dicesare, II, and Merette L. Oweis, Lakeland, for Appellee.
PADOVANO, Judge.
We reverse the final order in this case to the extent that it awards the claimant workers' compensation benefits for evaluation and treatment by a neurologist and a pain management specialist because the employer and carrier did not have notice that these issues would be resolved in the final hearing on the merits. In all other respects, the order is affirmed.
The claimant, Ellen Jones, was employed by the Lakeside Baptist Church as a food service manager and hostess. She injured her back on February 10, 1995, while attempting to lift heavy food trays from a commercial oven, and the injury led her to file a petition for workers' compensation benefits. The employer agreed to provide the claimant an independent medical examination by a neurologist but disputed other claims identified in the pretrial stipulation between the parties. Following a hearing on the merits, the judge of compensation claims entered a final order resolving the disputed claims. Additionally, the judge awarded the claimant benefits for "palliative care" in the form of an evaluation and treatment by a neurologist and a pain management specialist. These benefits were not claimed in the petition or addressed in the pretrial stipulation. Nor were they discussed during the hearing on the merits.
Section 440.192(2), Florida Statutes (Supp.1994), states in material part that a petition for workers' compensation benefits shall itemize or identify "[t]he type or nature of treatment care or attendance sought and the justification for such treatment" and provide a "[s]pecific explanation of any other *1190 disputed issue that a judge of compensation claims will be called to rule upon." Likewise, if payment is denied, the carrier must list "all benefits requested but not paid and explain its justification for nonpayment" in a formal notice of denial. See § 440.192(8) Fla. Stat. (Supp.1994). These statutes incorporate a fundamental principle of law in the procedure for adjudicating workers' compensation claims; that is, the parties have a right to reasonable notice of the issues to be adjudicated. See, e.g., Regal Marine Industries v. Cappucci, 523 So.2d 766 (Fla. 1st DCA 1988); R. Carr Plumbing v. Bogue, 572 So.2d 565 (Fla. 1st DCA 1991) (applying the principle in earlier versions of the Workers' Compensation Law).
Notice of a claim or defense is required by the Florida Rules of Workers' Compensation Procedure, as well. Rule 4.085(b) provides that the order setting the final hearing on the merits "shall state clearly the questions at issue or in dispute that the judge will hear." Often the order incorporates the issues listed in the pretrial stipulation. We recognize that a claim listed in the parties' stipulation can be considered even if it was not identified in the petition for benefits. See, Sabal Transport v. Brooks, 666 So.2d 1032 (Fla. 1st DCA 1996); McCabe v. Bechtel Power Corp., 645 So.2d 1065 (Fla. 1st DCA 1994). However, the pretrial stipulation in this case does not cure the omissions in the petition for benefits, because it likewise fails to identify the disputed claims.
The claimant argues that the issues regarding neurological treatment and palliative care were adjudicated by consent. We disagree. It is true that an issue in a workers' compensation case can be tried by the consent of the parties even if the issue is not identified in the pleadings. See Herb's Exxon v. Whatmough, 487 So.2d 1169 (Fla. 1st DCA 1986). This rule presumes, however, that the parties have agreed expressly or by their conduct to litigate an issue not otherwise framed by the pleadings. No such agreement appears in the record in this case. During a deposition, one of the doctors mentioned that the claimant might need neurological treatment, but this does not amount to fair notice that the claim would be raised in the final hearing on the merits. Treatment for pain management was not even discussed.
For these reasons, we must reverse the award of benefits for neurological treatment and pain management care. The remaining benefits, which are not in dispute here, were properly awarded and to that extent the final order is affirmed.
Affirmed in part and reversed in part.
BOOTH and BENTON, concur.