PER CURIAM.
Claimant, Anthony Twitty, appeals an order of the judge of compensation claims (JCC), denying his petition for attorney’s fees on the ground that his counsel failed to secure any benefits in connection with injuries to his right and left knees. We affirm in part, reverse in part, and remand for further proceedings.
Twitty injured his right knee on December 22, 1998, while working for appellee, Rack Room Shoes (referred to, with its carrier, Safeco American States Insurance Co., as E/C# 1), and injured his left knee on March 17, 2000, while working for ap-pellee, United Parcel Service (referred to, with its carrier, Liberty Mutual Insurance Co., as E/C# 2). Each carrier accepted the injury Twitty sustained while under its employ as compensable, and paid benefits and compensation. After the parties litigated various issues and the JCC issued a *1165 final order, Twitty sought attorney’s fees, contending that his attorney had secured certain benefits for him. The JCC denied Twitty’s motion, ruling that all benefits had been timely and voluntarily provided, and that each E/C had merely denied responsibility for treatment of claimant’s opposite-knee injury; therefore, counsel had not demonstrated that he had successfully secured for his client any benefits. We disagree with this conclusion insofar as it pertains to the award of continuing treatment for Twitty’s right-knee injury.
Section 440.34(3)(b), Florida Statutes (1997), authorizes attorney’s fees when a claimant’s attorney successfully prosecutes a claim that the E/C denied. In the pretrial stipulation,[1] Twitty sought “continuing treatment of the employee’s traumatic chondromalacia and early arthritis, right knee.” E/C# l’s defenses in both the pretrial stipulation and at the hearing were that the accident at Rack Room was not the major contributing cause of Twitty’s current medical problems and need for treatment of his right knee, and that his right-knee condition was pre-existing and/or caused by the subsequent accident at UPS.
We fail to see how these statements can be construed in the manner E/C# 1 has argued, ie., that it could not be held responsible for the care and treatment for the left knee for which UPS was responsible. The fact that E/C# 1 had previously paid benefits and compensation for Twitty’s right-knee condition did not mean that it was willing to continue doing so without litigating its obligation. Indeed, it appears to have concluded that Twitty was no longer entitled to such benefits. Thus, the record clearly discloses that claimant’s counsel secured a benefit for the claimant onee the JCC directed E/C# 1, in the final merits order, to continue to pay for any further right-knee treatment. Counsel’s entitlement to fees, however, applies only to the hours he expended to obtain such benefit after the JCC approved the pretrial stipulation, because E/C# 1 had previously accepted compensability and paid benefits for the right-knee injury, and Twitty did not put on evidence of any notices of denial denying such injury until the execution of the pretrial stipulation.
We reject Twitty’s additional claims for fees pertaining to other benefits secured. Twitty did not seek benefits- for chondro-malacia and early arthritis of his left knee in the pretrial stipulation, and thus E/C# 2 cannot be said to have denied such claim. And, although Twitty sought authorization for a pain-management program, E/C# 2 was already providing such care, and the JCC simply determined that E/C# 1 was not required to reimburse E/C# 2 for the 12 weeks already paid by the latter. We do not construe this as a benefit that claimant’s counsel secured for Twitty, and instead consider it simply as a resolution of a dispute between the carriers.
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further consistent proceedings.
ERVIN, BENTON and LEWIS, JJ., CONCUR.

. The JCC correctly found that the pretrial stipulation acted as an amended petition for benefits. See Commercial Carrier Corp. v. La-Pointe, 723 So.2d 912 (Fla. 1st DCA 1999); Lakeside Baptist Church v. Jones, 714 So.2d 1188 (Fla. 1st DCA 1998).