928 So.2d 464 (2006)
DOLLAR GENERAL CORPORATION and Dollar General Risk Management, Appellants,
v.
Linda MacDONALD, Appellee.
No. 1D05-2204.
District Court of Appeal of Florida, First District.
May 3, 2006.
*465 Curt L. Harbsmeier and Jeffrey E. Appel of Harbsmeier, DeZayas, Appel, Harden & DeBari, LLP, Lakeland, Attorneys for Appellants.
Robert Wohn, Cocoa; and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, Attorneys for Appellee.
THOMAS, J.
This is an appeal of a final order of the Judge of Compensation Claims ("JCC") awarding Appellee/Claimant ("Claimant") treatment for "all medically necessary and causally related cervical spinal conditions stemming from [her injury on March 1, 2003.]" Because we find that the award is not supported by competent and substantial evidence, we reverse.
Claimant suffered two injuries during her employment as an assistant manager with Appellant Dollar General Stores. Claimant's first injury occurred on or about March 1, 2003, and her second injury occurred on August 13, 2003. Claimant's petition for benefits was based solely on her first injury and listed the date of injury as March 1, 2003. Claimant's petition asserted that this injury was the cause of her need for treatment and listed her injuries as "back, neck, hands, and wrist." However, in her testimony, Claimant stated that she did not experience any neck or hand pain until August 13, 2003, when she picked up seven or eight 20-pound boxes of tile for a customer.
Claimant saw Dr. Richard Hynes for an independent medical examination before the merits hearing. Following the examination, Dr. Hynes diagnosed a complex disk problem. Dr. Hynes explained that, in his opinion and within a reasonable degree of medical certainty, Claimant suffered from an underlying degenerative disk, and she herniated that disk after picking up the boxes of tile on August 13, 2003, not in March.
Because Dr. Hynes testified that Claimant had an underlying degenerative disk, it was necessary for the JCC to determine the major contributing cause of Claimant's neck condition. Under section 440.09(1)(b), Florida Statutes (2002),
[i]f an injury arising out of and in the course of employment combines with a preexisting disease or condition to cause. . . need for treatment, the employer must pay compensation or benefits required by this chapter only to the extent that the injury arising out of and in the course of employment is and remains the major contributing cause of . . . need for treatment.
This court has interpreted "major contributing cause" to mean the cause that contributes "more to the claimant's . . . need for treatment than any other single cause." Closet Maid v. Sykes, 763 So.2d 377, 383 (Fla. 1st DCA 2000) (en banc).
The JCC found that Dr. Hynes was in the best position to provide an opinion as to the major contributing cause of Claimant's injury. Dr. Hynes testified that Claimant's continued work with her employer could have made her condition *466 worse. In addition, Dr. Hynes stated that Claimant may have experienced some neck and back pain prior to August 2003. Dr. Hynes's medical opinion, however, was that Claimant's herniated disk injury was caused by the specific August incident. Dr. Hynes stated that, hypothetically, an injury such as Claimant's could be due to repetitive trauma, but that, "clearly from how the patient describes her injury, specifically lifting seven or eight boxes of 20-pound tiles and immediate onset of increasing and significant pain, that's likely when she actually ruptured [her disk]." Finding that no other medical evidence rebutted Dr. Hynes's testimony, the JCC stated that "it was Dr. Hynes opinion that Claimant's herniated disk had been caused by the heavy work and repetitive heavy lifting at her work."
The standard of review in a workers' compensation case is whether competent, substantial evidence supports the JCC's ruling. Jefferson v. Wayne Dalton Corp./Hartford, 793 So.2d 1081, 1083 (Fla. 1st DCA 2001). Therefore, a JCC's conclusion as to factual issues will be affirmed if the record provides competent, substantial evidence to support it. Trujillo v. Southern Wine & Spirits, 525 So.2d 481, 483 (Fla. 1st DCA 1988). Here, we find that the record does not contain competent, substantial evidence to support the JCC's conclusion that Claimant's neck injury was caused by her March 2003 injury.
Because Claimant's herniated disk and neck pain were not readily observable injuries, Claimant was required to produce medical evidence as to the cause of her injuries. See Closet Maid, 763 So.2d at 382. While Claimant provided historical medical evidence, the JCC found no evidence that rebutted Dr. Hynes's opinion regarding the cause of Claimant's injury. Therefore, the only medical evidence upon which the JCC based his award failed to support a conclusion that Claimant was entitled to treatment for an injury that occurred in March 2003.
A JCC may consider lay testimony in addition to medical evidence to determine major contributing cause. See Louisiana Pacific Corp. v. Harcus, 774 So.2d 751, 755 (Fla. 1st DCA 2000). However, the only lay testimony admitted here as substantive evidence was Claimant's live testimony at the hearing. Her testimony supported Dr. Hynes's conclusion because Claimant testified that she did not have any neck pain prior to August 13, 2003.
We have considered whether Claimant and Employer/Carrier ("E/C") tried by consent the issue of Claimant's August injury. An issue in a workers' compensation case may be tried by consent of the parties even if the issue was not listed in the claimant's original petition for benefits. Lakeside Baptist Church v. Jones, 714 So.2d 1188, 1190 (Fla. 1st DCA 1998). However, we find that Claimant and E/C did not try by consent the issue of Claimant's August injury. Claimant and E/C jointly stipulated that Claimant's accident occurred on March 1, 2003, and E/C specifically defended that Claimant's cervical injury did not arise out of the March accident.
Because the record does not contain competent, substantial evidence to support the treatment award relative to Claimant's March 2003 injury, and because the parties did not try by consent the issue of Claimant's August injury, we reverse the JCC's order awarding treatment for Claimant's cervical condition.
REVERSED.
KAHN, C.J., and PADOVANO, J., concur.