PER CURIAM.
 

 In this workers’ compensation case, the Employer/Carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) ruling it owes interest on a late-paid installment of indemnity benefits. For the reasons below, we modify the JCC’s order.
 

 The parties agree that a payment due on December 26, 2008, was not paid until December 29, 2008. The parties also agree that the amount of interest due on the late payment is five dollars.
 
 See
 
 § 440.20(8)(a), Fla. Stat. (2007). The record indicates, and the parties agree, that the E/C overpaid that indemnity installment by more than five dollars. The JCC
 
 *171
 
 found “Claimant is owed interest” and ordered in the decretal portion of his order that “the claim for interest ... is granted” and “[i]nterest should be calculated pursuant to Florida Statute[s] § 440.20(8)(a).”
 

 In the first point on appeal, the E/C argues the JCC erred in awarding interest because Claimant already received more than the amount owed. The JCC correctly found Claimant entitled to interest. We modify the order, however, to clarify that Claimant is entitled to five dollars of interest as to the payment made December 29, 2008, and that, because Claimant agrees he was overpaid on that date by an amount greater than five dollars, five dollars of that payment is hereby reclassified as interest.
 
 Cf. Hialeah Hosp. v. Lorenzo,
 
 677 So.2d 854 (Fla. 1st DCA 1995) (remanding for determination of whether claimant reached MMI and, if not, for reclassification of wage loss benefits to TPD benefits).
 

 The E/C’s second argument on appeal, based on
 
 Mieses v. Applebee’s,
 
 14 So.3d 1228 (Fla. 1st DCA 2009), is misplaced because that case is distinguishable, in that the speculative claims for penalties and interest there were dismissed with the dismissal of the petitions for benefits. In contrast, here, the claim for interest, speculative at the time the petition for benefits containing that claim was filed, was properly placed before the JCC at a time after the payment was late, via Claimant’s trial memorandum and argument at the final hearing, and was tried by consent due to the E/C’s failure to object.
 
 See Dollar Gen. Corp. v. MacDonald,
 
 928 So.2d 464, 466 (Fla. 1st DCA 2006) (holding issues in workers’ compensation cases may be tried by consent);
 
 cf. Sabal Transp. v. Brooks,
 
 666 So.2d 1032 (Fla. 1st DCA 1996) (holding claim first raised in pretrial stipulation was properly before the JCC).
 

 AFFIRMED as modified.
 

 KAHN, ROWE, and MARSTILLER, JJ., concur.