McCORD, Judge.
Appellants, employer/carrier, appeal from a deputy commissioner’s order awarding appellee workers’ compensation benefits based on a 50% permanent partial disability and awarding attorney’s fees. We reverse.
On March 26, 1979, appellee injured his right knee in a work-related accident while employed by appellant Baird-Ray Datsun as an auto body repairman. Appellee had to undergo knee surgery to repair a tear in the medial meniscus. He testified that, during his hospitalization for that surgery, he began to suffer low back pain. His treating physician attributed the back pain to a preexisting arthritic condition. He was of the opinion that appellee had sustained a 15% impairment of his knee. Employer/carrier accepted the 15% permanent partial disability rating.
Employer’s physician, Dr. Shea, testified by deposition after examining appellee in January 1980. He concurred with the treating physician’s 15% permanent partial impairment rating of the knee. He was of the opinion that the lower back arthritis pre-existed the industrial accident and was aggravated as a secondary consequence of the abnormal gait caused by the knee condition. He testified that the back condition was strictly temporary in nature and had caused no permanent impairment; that as soon as appellee stopped limping, the back condition would clear up.
At the time of the April 1980 hearing, appellee was still limping and still suffered back pain. The deputy commissioner found that the initial injury to the right knee led to an altered gait, which resulted in a development of lower back difficulties which he found to permanent in nature and which he found to have affected appellee’s ability to compete in the open labor market. He concluded that appellee had made a diligent job search and found that appellee had sustained a 50% permanent partial disability of the body as a whole based on loss of wage-earning capacity. He stated that he did not find appellee permanently totally disabled because of the testimony of Rehabilitation Counselor Deutsch, who testified that ap-pellee had not made an adequate job search and, though severely restricted, appellee is employable. The DC awarded an attorney’s fee of $3,200.
Appellants assert that the deputy commissioner erred in awarding disability benefits based on the body as a whole where there was no finding and no substantial competent evidence to support a finding of a permanent impairment to an unscheduled part of the body. We agree. The record contains no evidence of permanent impairment to the back. In the absence of medical evidence as to any permanent impairment to the back, the deputy commissioner is precluded from finding such an impairment. Section 440.25(3)(b), Florida Statutes. If the evidence had supported a finding that appellant did suffer a permanent impairment to his back due to the industrial accident, then his recovery would not be limited to the scheduled benefits determined pursuant to § 440.15, Florida *1040 Statutes (1977), and loss of wage-earning capacity would have been an appropriate factor to consider in determining his permanent disability rating. Compare Dade Federal Savings & Loan v. Doris Smith, 403 So.2d 995 (Fla. 1st DCA 1981).
Further, in determining loss of wage-earning capacity, the extent of permanent impairment to the unscheduled portion of the body is a major factor which must be determined by the deputy commissioner, according to Kashin v. Food Fair, 97 So.2d 609 (Fla.1957). Because, in this case, the evidence does not support any finding of permanent impairment to appellee’s back and because the deputy commissioner was therefore unable to make a determination as to the extent of permanent impairment to appellee’s back, he erred in going beyond the scheduled injury rating to determine loss of wage-earning capacity. The deputy commissioner should have limited recovery of benefits to the 15% permanent partial disability rating already accepted by the employer/carrier.
Appellants’ contention that appellee’s work search was inadequate has merit but has been rendered moot. Because employer/carrier had accepted the 15% permanent partial disability rating and in light of the disposition of this case the award of attorney’s fees is also reversed.
ROBERT P. SMITH, Jr., C. J., concurs.
ERVIN, J., concurs in part and dissents in part.