406 So.2d 1172 (1981)
Essie WOODS, Appellant,
v.
GREATER NAPLES CARE CENTER and R.P. Hewitt & Associates, Appellees.
No. YY-377.
District Court of Appeal of Florida, First District.
November 17, 1981.
Rehearing Denied December 23, 1981.
*1173 Jack H. Cohen of Law Office of David Goldman, Miami, for appellant.
T. Rankin Terry, Jr., of Terry & Terry, Fort Myers, for appellees.
ERVIN, Judge.
Woods, the claimant below, raises six points on appeal. We reverse the deputy's order and remand with instructions on three points of the six points raised and affirm the case on the remainder.
First, Woods contends that the deputy erroneously found that the claimant reached MMI on November 21, 1979, because the only competent evidence supporting this finding was Dr. Hussey's opinion that MMI ultimately occurred on August 26, 1980. We agree with appellant that based on the unrefuted opinion of Dr. Hussey and the deputy's other findings, the claimant could not have reached MMI until August 26, 1980. The deputy's order is internally inconsistent. It found MMI occurred on November 26, 1979; yet it accepted Dr. Hussey's 15% PPD rating given on August 26, 1980, which was a 10% increase over Dr. Hussey's earlier rating given on November 21, 1979. This increase in disability belies the deputy's MMI date.
The employer/carrier argues, however, that the claimant should be bound by her pretrial stipulation entered into on February, 1980, when she stipulated that MMI actually occurred on November 21, 1979. Nevertheless, the record shows that the claimant's injuries worsened after that date. A stipulation cannot be extended to embrace matters not included in the stipulation. See Metz Package Store v. Ransom, IRC Order 2-2625 (May 29, 1974). Moreover, the employer/carrier did not object to the claimant presenting evidence at the compensation hearing as to the MMI date. A deputy should not bind himself to a stipulation if facts presented at the hearing are at variance with, and show good cause for modification of the stipulation. See Delta Drilling Co. v. Wells, IRC Order 2-3708 (February 22, 1979) (cert. den. 379 So.2d 204 (Fla. 1979)); Baird-Ray Datsun v. Butler, 400 So.2d 1038 (Fla. 1st DCA 1981) (Ervin, J., concurring in part and dissenting in part).
Because MMI in this case did not occur until August 26, 1980, the claimant may possibly be entitled to additional temporary total and/or temporary partial disability benefits. However, we caution that "there is no automatic relationship between temporary total disability and the achievement of maximum medical improvement. The key is capacity to return to work." T.G. Lee Foods, Inc. v. Walker, 395 So.2d 252 (Fla. 1st DCA 1981). Accordingly, the deputy's finding of MMI on November 21, 1979, is reversed and the case is remanded with directions for August 26, 1980 to be entered as the correct date of MMI, and for a determination as to whether the claimant was TTD and/or TPD between November 21, 1979 and August 26, 1980. Also, on remand, the deputy should award the claimant's attorney's fees and costs (Points II and III) should the deputy enter such temporary award.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
MILLS and LARRY G. SMITH, JJ., concur.