560 So.2d 336 (1990)
HOWARD JOHNSONS & Liberty, Mutual Insurance Company, Appellants,
v.
Jose PINEDA, Appellee.
No. 89-1682.
District Court of Appeal of Florida, First District.
April 25, 1990.
Rehearing Denied May 11, 1990.
*337 Thomas H. McDonald, of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellants.
David M. Hammond, Orlando, for appellee.
ERVIN, Judge.
The employer/carrier (E/C) appeals an order directing the E/C to pay attendant care benefits to the claimant's wife at the rate of $6.00 per hour for eight hours per day, seven days per week. It argues that the judge of compensation claims (JCC) erred by refusing to apply the provisions of Section 440.13(2)(e), Florida Statutes (Supp. 1988), in determining the monetary rate for nonprofessional attendant care provided by the claimant's spouse. We affirm.
The parties stipulated prior to the hearing that the JCC could make an award of attendant care based upon prior testimony that he had heard in other cases regarding the reasonable value of similar services provided by family members. The rule is clear that a stipulation should not be ignored or set aside in the absence of fraud, overreaching, misrepresentation, withholding of the facts by an adversary, or some element as would render the agreement void. See Steele v. A.D.H. Bldg. Contractors, Inc., 174 So.2d 16 (Fla. 1965); Espada Enters. v. Spiro, 481 So.2d 1265 (Fla. 1st DCA), cause dismissed, 491 So.2d 280 (Fla. 1986). Because we consider that the parties were bound by their stipulation, they cannot now be heard to complain that the JCC erred by setting the value of the services based upon prior testimony heard in other cases.[1]
AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Because our disposition of this case is grounded upon the parties' stipulation, it is not necessary to reach the merits of the statutory argument. We do note, however, that but for the stipulation, the value of the attendant care services would be controlled by Section 440.13(2)(e), Florida Statutes (Supp. 1988). See Mr. C's TV Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990).