585 So.2d 1120 (1991)
Willie J. WILLIAMS, Appellant,
v.
KRAFT, INC. and Crawford Risk Management, Appellees.
No. 90-2424.
District Court of Appeal of Florida, First District.
September 12, 1991.
Rehearing Denied October 16, 1991.
*1121 Lawrence M. Kukey of Harris, Kukey & Helgesen, Palm Beach Gardens, for appellant.
Deborah L. Graham of Law Offices of David A. Danielson, West Palm Beach, Diane H. Tuft, Fort Lauderdale, for appellees.
WOLF, Judge.
Willie J. Williams (claimant) appeals from an order of the judge of compensation claims (JCC) which determined the amount of wage-loss benefits due for the time period of October 1989, through April 1990. Claimant asserts (1) the JCC erred in ruling that, in accordance with the stipulation of the parties, claimant was not entitled to recalculation of wage-loss benefits paid; (2) the stipulation regarding the value of fringe benefits needed to be approved by the JCC in order to be enforceable; and (3) the JCC erred by failing to address an alleged mathematical inaccuracy in determination of wage-loss benefits. We affirm as to the first two issues, but reverse and remand for further consideration of the appropriate mathematical calculations of wage loss.
The dispute between the parties involves the continued enforceability of a stipulation dated September 23, 1988. The stipulation addressed the value of the fringe benefits provided by claimant's current employer (part of the amount which must be deducted in order to determine wage loss due from his former employer: appellee, Kraft, Inc.).
In pertinent part, the stipulation stated:
Beginning September 1, 1988, the value of fringe benefits provided to the claimant by the Palm Beach County School Board is $63.19 per week, and for purposes of wage-loss calculations, $271.72 per month.
After hearing testimony from the only witness presented by the parties, the JCC ruled in pertinent part as follows:
This second stipulation was apparently the process of bargained for negotiations among the parties. It is not entirely clear, nor was there any specific evidence offered by either party as to how the parties arrived at the figures contained in the stipulation on May 23, 1988. Although the claimant argued that the figures contained therein were not accurate, there was no specific evidence presented as to why this is such. Although the parties stipulated that the claimant's retirement benefits had not vested, it is not clear as to what other elements were considered in arriving at the stipulated figure. It is neither possible nor the function of the undersigned to attempt to determine the parties intentions and precise mechanics in arriving at this stipulated figure. The law is clear that a stipulation should not be ignored or set aside in the absence of fraud, overreaching, misrepresentation, withholding of the facts by an adversary or some element as would render the agreement void. See Howard Johnson's v. Pineda, First District [560 So.2d 336] ([Fla.App.] 1990) and cases cited therein. Since there has been no affirmative basis demonstrated to ignore or set aside the stipulation, I find that this stipulation of the parties is controlling.
The claimant asserts that the JCC erred and should have overridden the stipulation in light of Woods v. Greater Naples Care Center, 406 So.2d 1172 (Fla. 1st DCA 1981), rev. denied, 413 So.2d 876 (Fla. 1982). In the absence of any evidence of mistake, fraud, overreaching, misrepresentation or change of circumstance which would justify a modification, the JCC was correct in ruling that the stipulation was still enforceable. Howard Johnson v. Pineda, 560 So.2d 336 (Fla. 1st DCA 1990).
The claimant's additional argument, that since the stipulation failed to specify a duration it was only applicable to September, *1122 1989, is unpersuasive. The stipulation addressed a fact, the value of the fringe benefits received. Unless there is a change in those benefits, there is no reason to find that the stipulation of fact does not continue to remain in effect.
The claimant also argues that the stipulation in the instant case is unenforceable unless approved by a JCC pursuant to section 440.20(12) and (13), Florida Statutes. The statutory sections in question apply to lump-sum settlements. The stipulation in this case does not involve the acceptance of a lump sum in lieu of future benefits. The statutory sections are, therefore, inapplicable.
The claimant also asserts that the JCC failed to rule on his assertion that the wage-loss benefits were being incorrectly calculated. We feel that this issue was properly presented to the JCC and that the claimant is entitled to a ruling. We, therefore, remand this case to the JCC for a determination of whether wage-loss benefits are properly being calculated.
WIGGINTON, J., concurs.
ALLEN, J., concurring in part and dissenting in part with written opinion.
ALLEN, Judge, concurring in part and dissenting in part.
I agree with the majority that this case must be remanded because of the arithmetical error. However, I respectfully disagree with the majority's conclusion that the judge of compensation claims was bound by the parties' stipulation. In my view, the stipulation is irrelevant to the determination of the wage loss claim at issue herein. Accordingly, on remand, I would direct a new determination of the wage loss claim without reference to the stipulation.
A judge of compensation claims is not required to follow a stipulation which is inconsistent with the evidence presented at a hearing. Woods v. Greater Naples Care Center, 406 So.2d 1172 (Fla. 1st DCA 1981), review denied, 413 So.2d 876 (Fla. 1982). But in the absence of such an inconsistency, or of mistake, fraud, overreaching, misrepresentation, concealment, or some element which would render the agreement void, the judge should honor the stipulated facts entered into between the worker or his representative and his employer. Principe v. Mt. Sinai Hospital, 156 So.2d 385 (Fla. 1963); Espada Enterprises, Inc. v. Spiro, 481 So.2d 1265 (Fla. 1st DCA), cause dismissed, 491 So.2d 280 (Fla. 1986). Nevertheless, this rule is only applicable where the stipulation sets forth an agreed fact which is relevant to the proceeding in which it is offered. In this case the rule is inapplicable, because the stipulation is completely irrelevant to this claim.
The fact agreed to in the stipulation is that as of September, 1988, the month in which the stipulation was executed, the amount of fringe benefits being received by the claimant was $63.19 per week, or $271.72 per month. This fact, however, is completely irrelevant to the computation of wage loss benefits accruing from October of 1989 through April of 1990. This is so because the claimant's wage loss benefits in this later period should be reduced by the claimant's then-applicable fringe benefits, not those prevailing in September of 1988. Because the stipulation has no relevance to the computation of claimant's wage loss benefits during the period in issue, I believe the judge erred in considering it.
In Caron v. Systematic Air Services, 576 So.2d 372 (Fla. 1st DCA 1991), Caron suffered severe head injuries in a compensable 1985 accident. He unsuccessfully made claim for an increase in attendant care benefits in 1987. The period for which the increase was claimed was April 1, 1987 through November 5, 1987. Then, in 1989, he filed a claim for an increase in attendant care benefits for the period beginning on January 6, 1989. The judge denied the claim, reasoning, in part, that the claimant had not proved a change in circumstances. The judge believed that the determination of entitlement to increased attendant care benefits had been settled by the order relating to the 1987 claim and was res judicata as to the issue unless the claimant could *1123 prove a mistake of fact or changed conditions. We reversed, holding that the determination of the 1987 claim could not be res judicata as to the 1989 claim because the evidence necessary to maintain the respective claims was entirely different. The first claim required proof of Caron's condition in 1987, but the second claim could only be maintained by proof of his condition some two years later. Thus, the earlier finding of fact as to Caron's condition in 1987 was completely irrelevant to the determination of the 1989 claim. We explained that the absence of identity as to the things sued for and as to the facts or evidence required to maintain the respective claims made res judicata inapplicable.
The position taken by the judge of compensation claims here is analogous to the position taken by the judge in Caron. He endeavors to make a previously established fact applicable to a subsequent claim. As in Caron, however, the previously established fact has no relevance to the new claim. Just as Caron's condition in 1987 was not relevant to his 1989 attendant care claim, Williams's fringe benefits amount in 1988 is not relevant to his claim for wage loss benefits commencing in October of 1989.