609 So.2d 132 (1992)
Roni Wayne JACOBS, Appellant,
v.
VOLKER STEVIN CONSTRUCTION and American International Adjustment Company, Appellees.
No. 91-2610.
District Court of Appeal of Florida, First District.
December 1, 1992.
David A. Snyder and Richard J. Dolan II of the Law Offices of David A. Snyder, Miami, for appellant.
Michael J. McManus of the Law Office of Michael A. Edwards, West Palm Beach, for appellees.
WOLF, Judge.
Jacobs (claimant) appeals from an order of the judge of compensation claims (JCC) which determined that the claimant did not sustain a compensable accident in the course and scope of employment. Claimant asserts that the JCC's determination concerning compensability was in error because the employer and carrier (E/C) had stipulated to compensability.[1] We find that the JCC failed to give appropriate notice prior to overturning the stipulation of the parties. We, therefore, reverse and remand for further proceedings concerning the continued viability of the parties' stipulation.
The claimant was employed by Volker Stevin Construction Company on May 13, 1988, when a backhoe he was using punctured a gas line which blew sand into his eyes. During the accident, it is alleged that he struck his jaw against the backhoe, injuring his left jaw and neck area. Prior to the hearing, the parties stipulated (1) the date of the accident was May 13, 1988, and (2) the accident was compensable. During the course of the hearing on the issues of, among other things, average weekly wage and date of maximum medical improvement, the JCC received a great amount of testimony regarding the claimant's prior medical history and his current medical situation. At the hearing, testimony was presented from the claimant's supervisor, rehabilitation counselor, dentist, periodontist, psychologist, psychiatrist, neurologist, co-workers, and acquaintances.
In his final order, the JCC found that even though the date of the accident and the fact that the accident was compensable had been stipulated to by the parties, and the stipulations of the parties were accepted by the JCC in his order, the weight of the testimony supported an abrogation of his initial acceptance of the stipulation of *133 the parties as to the compensability of the accident. The JCC based his decision on findings that the claimant was not credible, and that the claimant had preexisting psychological and personality problems which negated the compensability of the accident. The JCC found that the claimant had deceived his employer, the insurance company, and his doctors, and he had attempted to deceive the JCC during the hearing. Furthermore, the JCC found that the claimant had committed fraud and misrepresentation by working and earning money while he was allegedly unable to work.
The JCC denied the entire claim based on his finding that he did not believe the claimant had sustained a compensable accident. The JCC, however, did not give the parties prior notice that he was considering rejecting the stipulation concerning compensability.
A JCC is not required to follow a stipulation which is refuted by competent substantial evidence received at a hearing. Woods v. Greater Naples Care Center, 406 So.2d 1172 (Fla. 1st DCA 1981), rev. denied, 413 So.2d 876 (Fla. 1982). Where there is an indication of fraud, misrepresentation, or concealment by the claimant which would refute a stipulation, a JCC may properly modify his order which previously approved the stipulation. See Steele v. A.D.H. Building Contractors, 174 So.2d 16 (Fla. 1965); Williams v. Kraft, Inc., 585 So.2d 1120 (Fla. 1st DCA 1991). In Morgan Yacht Corp. v. Edwards, 386 So.2d 883 (Fla. 1st DCA 1980), this court found that a settlement was brought about by a claimant's misrepresentation and fraud, and held that under such circumstances, a JCC has the authority under section 440.33(1), Florida Statutes, to rescind a settlement that he has previously approved: A judge of compensation claims "has authority to do all things conformable to law which may be necessary to discharge the duties of the office." Id. at 884.
Rule 4.130, Florida Workers' Compensation Rules of Procedure, provides in pertinent part as follows:
The Deputy Commissioner may abrogate any stipulation which appears to be manifestly contrary to the evidence upon due notice to the parties ...
(Emphasis added). While the record on appeal in this case may contain competent substantial evidence concerning fraud and misrepresentation to support overturning the stipulation, there is no indication that the parties were aware that the JCC was considering rejecting the stipulation. Rule 4.130, Florida Workers' Compensation Rules of Procedure, contemplates that both parties will have a reasonable opportunity to present evidence and argument concerning abrogation of the stipulation. Because due notice was not provided in this case, we reverse and remand for further proceedings concerning the stipulation, and further proceedings as to the entitlement of benefits, if necessary.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] Appellant's other issues concern the causal connection between the compensable accident and his injuries. It is unnecessary for us to reach those issues because the JCC may readdress those issues on remand, if necessary.