884 So.2d 1080 (2004)
Marion SAPP, Appellant,
v.
BERMAN BROS. and et al., Appellees.
No. 1D03-2730.
District Court of Appeal of Florida, First District.
October 15, 2004.
*1081 Daniel J. Glary, Jacksonville, for Appellant.
Mary Ann Stiles and Rayford H. Taylor; Stiles, Taylor & Grace, P.A., Tampa/Atlanta, for Appellees.
HAWKES, J.
Marion Sapp, the claimant, appeals the Judge of Compensation Claims' (JCC) order denying him psychiatric treatment and additional temporary benefits. Only two issues merit discussion. The first issue is whether the JCC erred by denying the claim for psychiatric treatment when both the claimant and the Employer/Carrier (E/C) stipulated to providing the claimant with such treatment prior to the final merits hearing. The second issue is whether the JCC erred by denying the claimant's request for additional temporary benefits because the claimant had not yet reached overall maximum medical improvement (MMI). We reverse and remand.

Stipulation to Psychiatric Treatment
"A JCC is not required to follow a stipulation which is refuted by competent *1082 substantial evidence (CSE)."[1]Jacobs v. Volker Stevin Constr., et al., 609 So.2d 132, 133 (Fla. 1st DCA 1992) (citation omitted). However, stipulations should not be ignored or set aside, without a showing of fraud, overreaching, misrepresentation, or some other basis that would void the agreement. See Williams v. Kraft, Inc., 585 So.2d 1120, 1121 (Fla. 1st DCA 1991).
Prior to the hearing, the JCC noted the E/C stipulated the claimant could receive some psychiatric treatment. During the E/C's opening statement, the E/C mentioned such treatment would be provided by a specified psychiatrist, who had previously treated the claimant. The JCC's order noted the psychiatrist felt the claimant had not reached psychiatric MMI. However, the JCC was concerned that while the psychiatrist recommended further treatment, he did not specifically say "psychiatric" treatment. The JCC found the psychiatrist's testimony did not constitute CSE, and denied the claim for psychiatric treatment.
There is no evidence of fraud, overreaching, or misrepresentation, by either party in obtaining the stipulation to providing psychiatric treatment. There is no indication the stipulation was overridden by CSE, and, in fact, it seems CSE supports the claim. Because the JCC erred by overriding the stipulation, that portion of the order is reversed, and on remand, the JCC shall enter an order awarding psychiatric treatment to the claimant.

Lack of Psychiatric Work Restrictions is Not Dispositive
Where a claimant has reached physical MMI and has physical work restrictions, but has not reached psychiatric MMI, a JCC cannot deny a claim for temporary disability benefits, based solely on the lack of psychiatric work restrictions. See Rojas v. United Sheet Metal, 832 So.2d 174, 175 (Fla. 1st DCA 2002). See also Greber v. Tallahassee Dev. Center, 778 So.2d 999, 1000 (Fla. 1st DCA 2000) (claimant cannot be denied temporary benefits unless there is CSE of both physical and psychiatric MMI).
After noting the psychiatrist found the claimant had not yet reached psychiatric MMI, the JCC denied additional benefits because she found no record evidence the claimant was unable to work due to a work related psychiatric condition. Because the claimant had not yet reached psychiatric MMI, and because a lack of psychiatric work restrictions does not per se preclude an award of benefits, the JCC erred by denying the claim for additional temporary benefits on this ground alone. Due to this erroneous finding, the JCC did not address whether the claimant met his burden of proving entitlement to benefits based "upon a change in employment status due to a compensable injury." Publix Supermarket, Inc. v. Hart, 609 So.2d 1342, 1343 (Fla. 1st DCA 1992). We reverse that portion of the order and remand for the JCC to make such a determination.
We affirm the JCC's order on all other issues without discussion.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
ERVIN and ALLEN, JJ., concur.
NOTES
[1] Stipulations are enforceable when dictated on the record, as here, but may be abrogated if they appear manifestly contrary to the evidence. See Fla. R. Work. Comp. P. 4.142(b)(2) (2002), and Fla. R. Work. Comp. P. 4.142(e) (2002).