BROWNING, J.
The claimant, James A. Flowers, appeals the order of the Judge of Compensation Claims (JCC) denying approval of the parties’ written, signed stipulation. Ap-pellees, the employer/carrier, filed notice of their intent not to file an answer brief and not to take any steps opposing the claimant’s position. In their stipulation, the parties had agreed that the employer/carrier would pay the sums of $900.00 for the claimant’s attorney’s fees and $139.93 for costs. Without affording the parties appropriate notice and a reasonable opportunity to be heard before denying the parties’ stipulation, the JCC found there is no basis for approving any higher attorney’s fee than the statutory fee in the amount of $451.37. Because “due notice” and an opportunity to present evidence and argument regarding abrogation of the stipulation were not afforded in this case in accordance with Florida Rule of Workers’ Compensation 4.142(e), we reverse the order and remand for further proceedings concerning the stipulation. See Jacobs v. Volker Stevin Constr., 609 So.2d 132 (Fla. 1st DCA 1992) (reversing and remanding for further proceedings where JCC rejected parties’ stipulation as to date and com- *579 pensability of accident, without affording parties “due notice” and opportunity to present evidence and argument concerning abrogation of stipulation under predecessor rule 4.130).
REVERSING and REMANDING order for further proceedings.
LEWIS and POLSTON, JJ., CONCUR.