PER CURIAM.
 

 Claimant challenges the Judge of Compensation Claims’ (JCC) order on three grounds. Claimant argues the JCC erred
 
 *42
 
 in (1) ruling on Claimant’s new claim for repetitive trauma after determining it was not ripe for hearing; (2) denying a request for an independent medical examination (IME) on the repetitive trauma claim based on her improper rulings concerning the claim; and (3) rejecting the parties’ stipulation regarding compensability of Claimant’s low back condition and need for treatment.
 

 Our review indicates the JCC did not err in rejecting the parties’ stipulation because competent evidence supports the JCC’s finding that the workplace accidents were no longer the major contributing cause of Claimant’s low back condition. Consequently, we affirm on that issue. However, we conclude the JCC erred as a matter of law by addressing the new repetitive trauma claim after acknowledging it was not ripe and the issue was not properly before her, and by relying on her findings related to this claim to deny Claimant’s requested IME. Accordingly, we reverse and remand as to these issues.
 

 Section 440.192(9), Florida Statutes, allows only claims that have been listed in a petition for benefits and mediated to be adjudicated by a JCC. Here, the claim for compensability of the back condition, based on a repetitive trauma theory, was the subject of a petition for benefits, but had not gone through the mediation process. The JCC correctly found the claim was not ripe for adjudication, and the petition
 
 for
 
 benefits based upon repetitive trauma was not before her. Consequently, the JCC erred in addressing whether repetitive trauma caused, to any degree, the low back condition.
 
 See Reynolds v. Skagfield Corp.,
 
 887 So.2d 434, 435 (Fla. 1st DCA 2004) (holding “the JCC improperly determined the compensability of claimant’s back condition because the issue was not before the JCC”).
 

 Because the JCC erred in addressing the repetitive trauma claim, she erred in denying the IME. Section 440.13(5), Florida Statutes, allows for an IME when there is a dispute concerning compensability. Here, the E/C created a dispute by denying that Claimant’s back condition was caused by repetitive trauma. The JCC denied Claimant’s motion for an IME due to a lack of dispute based upon her findings regarding the lack of a causal relationship between Claimant’s low back injury and repetitive trauma. Because the JCC erred as a matter of law by making those findings when the issue was not before her, there was no competent, substantial evidence to support her finding that there was no dispute regarding Claimant’s entitlement to an IME.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
 

 WOLF, BENTON and BROWNING, JJ., concur.