PER CURIAM.
 

 Claimant appeals the Judge of Compensation Claims’ (JCC’s) order on two substantive grounds. Claimant argues the JCC erred in determining the due date for payment of the additional impairment benefits and in adjudicating issues not ripe for determination. We affirm the JCC’s determination that the additional impairment benefits were due on October 13, 2008, as competent substantial evidence supports that finding. We reverse the JCC’s adjudication of any benefit other than Claimant’s entitlement to medical treatment for her knee to include injections and physical therapy.
 

 The parties agreed that certain issues included in the petitions for benefits, which had been the subject of a pretrial, had been resolved and Claimant withdrew other claims. It was agreed the two remaining issues involved entitlement to medical treatment for the knee. Claimant’s request that her recently filed petition for benefits be considered by the JCC was met with objection from the Employer/Carrier on grounds it had not been mediated nor had it been the subject of a pretrial. The JCC denied Claimant’s request.
 

 Despite denying Claimant’s request during the hearing, the JCC addressed in his order the issue of whether Dr. Moya was an authorized physician and which party should be responsible for payment of his bill. Once the JCC found these issues were not ripe for adjudication, he erred in addressing them.
 
 See Farnam v. U.S. Sugar Corp.,
 
 9 So.3d 41, 42 (Fla. 1st DCA 2009) (holding “JCC erred in addressing whether repetitive trauma caused, to any degree, the low back condition” because JCC “found the claim was not ripe for adjudication”). Accordingly, all findings that relate to any matter other than the entitlement to knee injections and physical therapy are stricken.
 

 The order is AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
 

 VAN NORTWICK and PADOVANO, JJ„ and BROWNING, JR, EDWIN B, Senior Judge, concur.