DAVIS, J.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (“JCC”) erred in rejecting the parties’ pretrial stipulation regarding Claimant’s average weekly wage (“AWW”) and in refusing to accept the medical opinions of Claimant’s unauthorized treating physician. We affirm.
On August 9, 2007, Claimant suffered a compensable injury while working as a carpenter for the Employer/Carrier (“E/ C”). Following the injury, Claimant filed petitions for benefits requesting, in relevant part, temporary partial disability (“TPD”) benefits beginning August 9, 2007, and continuing. Prior to the final hearing, Claimant and the E/C stipulated to an AWW of $600. However, the JCC denied the TPD claim on the authority of our decision in Fast Tract Framing, Inc. v. Caraballo, 994 So.2d 355 (Fla. 1st DCA 2008). The JCC concluded that because Claimant did not report his income to the Internal Revenue Service, his unreported wages could not serve as the basis for calculating his AWW. This appeal followed.
Although the parties stipulated to Claimant’s AWW, a JCC is not required to follow a stipulation that is refuted by competent, substantial evidence. See Farnam v. U.S. Sugar Corp., 9 So.3d 41, 42 (Fla. 1st DCA 2009) (holding that the JCC did not err in rejecting the parties’ stipulation because competent, substantial evidence supported a contrary finding); Sapp v. Berman Bros., 884 So.2d 1080, 1082 (Fla. 1st DCA 2004) (noting that a stipulation should not be ignored without a showing of fraud, misrepresentation, overreaching, or some other basis that would void the agreement and that a JCC may reject a stipulation that is not supported by competent, substantial evidence). Here, it was *601 Claimant’s own testimony that refuted the parties’ stipulation. Claimant admitted during the hearing that he was an illegal immigrant who had never filed any federal income taxes. As we have previously held, a claimant’s AWW cannot be based on income that has not been reported for federal income tax purposes. See Caraballo, 994 So.2d at 358. While Claimant argues that he should have been provided with an opportunity to be heard regarding the JCC’s rejection of the AWW stipulation, he has failed to show how he could have cured the reporting defect. As such, Claimant was not unfairly prejudiced by the JCC’s rejection of the stipulation. We, therefore, affirm as to this first issue. We affirm as to the second issue as well given that the argument was not preserved for appeal.
AFFIRMED.
THOMAS, J., concurs with opinion; KAHN, J., dissents with opinion.