KAHN, J.,
concurring.
I agree with the majority opinion. In fact, that opinion is a fine and concise explanation of the use of stipulations by parties to workers’ compensation matters. Unfortunately, the opinion is in conflict with Salinas v. C.A.T. Concrete, LLC, 46 So.3d 600 (Fla. 1st DCA 2010). In Sail- *1051 nas, a panel of this court held, “a JCC is not required to follow a stipulation that is refuted by competent, substantial evidence.” Id. at 600.
Here, given the length of time between the stipulation and the hearing, the E/C argued that medical necessity no longer supported provision of the medical specialty in question. The JCC quite correctly nixed such an objection; but, under Salinas, it appears such an objection could be made. Interestingly, counsel for appellee, the same able lawyer who represented the successful party in Salinas, characterizes Salinas as a case involving “a stipulation rejected as against public policy....” (Answer Brief, p. 28, n. 7) Salinas does not really articulate such a rationale, but instead relies upon evidence purportedly countermanding the parties’ stipulation in that case. More specifically, the case law relied upon in Salinas is Fast Tract Framing, Inc. v. Caraballo, 994 So.2d 355 (Fla. 1st DCA 2008), a case simply construing a statute. That statute, section 440.02(28), Florida Statutes (2007), an enactment the majority in Caraballo characterized as unambiguous, mandates that wages, for purposes of the Florida Workers’ Compensation Act, and therefore for the purpose of calculating average weekly wage, include only those wages “earned and reported for federal income tax purposes.... ” See id. at 356.
In the present case, and by correct analogy to the situation in Salinas, long-standing statutory law mandates “the employer shall furnish to the employee such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require .... ” § 440.13(2)(a), Fla. Stat. (2009). By the stipulation here at issue, the E/C agreed that the claimant would be relieved of her burden to demonstrate medical necessity under the statute, just as the employer in Salinas had stipulated that Mr. Salinas would be relieved of his burden of demonstrating average weekly wage, thus “removing certain elements of the claim from consideration by the JCC.” See Salinas, 46 So.3d at 603 (Kahn, J. dissenting.). Despite that stipulation, the E/C argued to the JCC, successfully it seems, that medical necessity would still be an issue in the provision of care. Today’s opinion holds that the E/C was bound by its stipulation despite the apparent existence of evidence raising a question concerning present medical necessity; contrariwise, the E/C in Salinas prevailed on appeal in a situation where, just as here, the JCC allowed presentation of evidence that impeached the stipulation. I have a great deal of difficulty in drawing a significant procedural distinction between this case and Salinas.
With these observations, I concur.