IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JUAN E. RIVAS,

      Appellant,

v.

OASIS OUTSOURCING, INC.
AND SEDGWICK CLAIMS
MANAGEMENT SERVICES,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1440

Opinion filed September 23, 2014.

An appeal from an order of the Judge of Compensation Claims.
John J. Lazzara, Judge.

Date of Accident: July 29, 2013.

Paul S. Rosenberg of Rosenberg & Rosenberg, P.A., Hollywood, and Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

Rene Lopez, Miramar, for Appellees.


PER CURIAM.

In this workers' compensation case, Claimant argues that the Judge of Compensation Claims (JCC) erred in failing to approve a stipulation whereby the Employer/Carrier (E/C) would pay Claimant's attorney a $1,500 attorney's fee,

under section 440.34(3)(a) and (7), Florida Statutes (2013), and reimburse costs in the amount of $275. Because it appears the JCC overlooked or ignored facts in rejecting the stipulation, we reverse and remand for further proceedings.

Claimant injured his low back and knee in the course and scope of his employment on July 29, 2013. With the assistance of his attorney, Claimant filed a petition for benefits (PFB) on September 10, 2013, requesting authorization for a primary care provider and managed care coordinator as well as orthopedic care. The E/C filed a response on September 12, 2013, asserting that Claimant was under the care of an authorized treating orthopedic physician, Dr. Garcia. By notice filed with the JCC on September 19, the parties agreed to privately mediate the case and scheduled the mediation for December 13, 2013.

Nonetheless, Claimant filed a second PFB on November 22, 2013, requesting authorization of Dr. Weinberg, D.C., as Claimant's managed care coordinator/primary care provider. On November 30, 2013, the E/C filed a response, advising that it would not authorize Dr. Weinberg as Claimant's managed care coordinator/primary care physician; that Claimant has such a provider in Dr. Garcia; that there is a limit on chiropractic care under Florida's workers' compensation law; and that if Claimant was referred for chiropractic care, such care would be authorized.

2

A third PFB was filed on the day of the mediation, December 13, 2013, seeking authorization of an MRI as recommended by Dr. Weinberg in his November 23, 2013, report as well as payment of his bill in the amount of $225 for that date of service. At the mediation the parties reached an agreement to resolve all of the issues by settling the case for $10,000, from which Claimant would pay his attorney a fee of $1,750 and reimburse costs in the amount of $250. In addition, the E/C agreed to reimburse Claimant $225, the cost of the evaluation with Dr. Weinberg, and to pay Claimant's attorney a fee of $1,500 and costs totaling $275.

The JCC approved the $1,750 Claimant-paid attorney's fee associated with the settlement, but denied approval of the $1,500 E/C-paid fee. See § 440.105(3)(c), Fla. Stat. (2013) (requiring JCC approve all attorney's fees paid "on account of services rendered for a person in connection with any proceedings arising under this chapter"). In the order, the JCC stated he based his findings on a review of "the stipulation and taking judicial notice of the appropriate relevant pleadings in the tribunal's computer file, otherwise known as the 'docket.'" The JCC found that the agreed-upon fee was based on a resolution of a claim raised in the PFB filed on December 13, the day of the mediation; thus, he concluded, there was no evidence the fee was "earned." The JCC did advise the parties that they could

> seek reconsideration or modification of this denial by timely motion for rehearing, pursuant to Rule 60Q-6.112, Fla. Admin. Code, and accompanied with appropriate documentation or explanation addressing the above deficiencies. If any party seeks a telephonic re-

3

hearing on the issue, they may express their request in the motion and the extraordinary circumstances which support the request for a telephonic re-hearing.

The parties thereafter jointly filed a motion for approval of the E/C-paid fee and attached copies of the September and November PFBs and responses to the PFBs. The parties advised the JCC that the basis for entitlement to the medical-only fee was not the December PFB; rather, it was the earlier-filed petitions. The parties again requested the JCC approve the fee, or, in the alternative, schedule a telephonic hearing should the JCC need further clarification or information.

In the order rendered in response to the joint motion, the JCC found there were "no exceptional circumstances or good cause shown in the motion or the docket necessitating a hearing on the motion." Further, the JCC concluded that "counsel for the parties have presented no additional evidence or credible arguments for the approval of a carrier-paid attorney fee of $1,500.00." The JCC once again denied approval of the $1,500 E/C-paid attorney's fee.

A JCC's finding of facts will be upheld on appeal if it is supported by the record and if it appears that the JCC did not overlook or ignore any facts. See Chavarria v. Selugal Clothing, Inc., 840 So. 2d 1071, 1078-79 (Fla. 1st DCA 2003). Section 440.34(3)(a) provides for the payment of an E/C-paid fee if a claimant successfully asserts a PFB for medical benefits only and has not filed, nor is entitled to file, a claim for indemnity benefits at that point in time. Section

4

440.34(7) provides that "[i]f an attorney's fee is owed under paragraph (3)(a), the [JCC] may approve an alternative attorney's fee not to exceed $1,500 only once per accident, based on a maximum hourly rate of $150 per hour." Here, both parties allege there were two PFBs filed prior to the December PFB which, like the December PFB, also requested only medical benefits and both parties requested the JCC to consider those two PFBs in determining the appropriateness of the $1,500 E/C-paid fee. Because the JCC made no mention of those PFBs in his second order, we can only conclude that the JCC overlooked or ignored those PFBs. Accordingly, it is appropriate that we reverse and remand this matter to the JCC for consideration of those PFBs.

Based on the foregoing, we REVERSE and REMAND this matter for proceedings consistent with this opinion.

WOLF, ROWE, and OSTERHAUS, JJ., CONCUR.