IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

EVELINA CUENCA,

      Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D14-3393

NOVA SOUTHEASTERN
UNIVERSITY AND YORK
RISK SERVICES GROUP, INC.,

      Appellees.

_____/

Opinion filed April 9, 2015.

An appeal from an order of the Judge of Compensation Claims.
John J. Lazzara, Judge.

Date of Accident: November 14, 2013.

Kimberly A. Hill, of Kimberly A. Hill, P.L., Fort Lauderdale, and Paul S. Rosenberg of Rosenberg & Rosenberg, P.A., Hollywood, for Appellant.

Walter C. Wyatt of Bradham, Benson, Lindley, Blevins, Bayliss & Wyatt, P.L.L.C., Fort Lauderdale, for Appellees.

PER CURIAM.

In this workers' compensation case, Claimant argues that the Judge of Compensation Claims (JCC) erred in failing to approve a stipulation whereby the Employer/Servicing Agent (E/SA) would pay Claimant's attorney a $1,500

attorney's fee, under section 440.34(3)(a) and (7), Florida Statutes (2013), and reimburse costs in the amount of $275. Because the record does not support the JCC's reasons for rejecting the stipulation, we reverse and remand for further proceedings.

Claimant, a dental assistant, alleged she suffered a severe allergic reaction to adhesive spray in the course and scope of her employment on November 14, 2013. Claimant, with the assistance of her attorney, filed a petition for benefits (PFB) on December 5, 2013, requesting that she be reimbursed the cost of some prescriptions and that she be provided medical care and treatment. The "Carrier" named on the PFB was PMA Insurance Company. The PFB indicates it was served on the Employer and PMA Insurance Group.

On December 17, 2013, counsel for the E/SA filed a notice of appearance, noting that the servicing agent was York Services Group. On December 30, 2013, counsel for the Employer filed a "Notice of Change of Servicing Agent," advising that effective December 1, 2013, York Services Group, Inc., had "taken over further handling of this claim and shall be the Servicing Agent from this point forward, and PMA Companies has no further responsibility in regard to this claim." By order of January 6, 2014, the JCC approved this change in servicing agents.

On February 14, 2014, Claimant filed a second PFB, listing both York Risk Services Group and PMA Insurance Company as "Carrier," and requesting payment

2

of past medical bills as well as authorization for ongoing treatment. On March 4, 2014, the E/SA filed a response to the second PFB asserting it had requested proper medical billings which would be processed when received. On May 1, 2014, the parties attended a JCC-ordered mediation conference and the mediation report indicates that they "[r]eached a lump sum settlement of all rights and obligations under Chapter 440, Florida Statutes." At the mediation, the parties reached an agreement to resolve all of the issues by settling the case for $5,125, from which Claimant would pay her attorney a fee of $1,018 and reimburse costs in the amount of $150. In addition, the E/SA agreed to pay Claimant's attorney a fee of $1,500 and costs totaling $275, for past benefits secured including resolution of the claim for authorization of medical treatment and payment of medical bills.

The JCC approved the Claimant-paid attorney's fee associated with the settlement, but denied approval of the E/SA-paid fee. See § 440.105(3)(c), Fla. Stat. (2013) (requiring JCC approve all attorney's fees paid "on account of services rendered for a person in connection with any proceedings arising under this chapter"). In the order, the JCC stated he based his findings on a review of "the stipulation and taking judicial notice of the appropriate relevant pleadings in the tribunal's computer file, otherwise known as the 'docket.'"[*] In the order denying

[*] We note that the appropriate procedure for a JCC to take judicial notice of his/her file is as set out in sections 90.202 and 90.204, Florida Statutes. A JCC may take judicial notice of specific records on his "docket" after giving the parties advance

3

the E/SA-paid fee, the JCC found that "presumably" the reason the E/SA did not respond to the first PFB was because Claimant's counsel listed the wrong servicing agent. The JCC also found that the E/SA timely responded to the second PFB with its response filed on March 4, 2014. The JCC concluded there was no E/SA liability for payment of any fees because the E/SA timely accepted the claims. The JCC did advise the parties that they could

> seek reconsideration or modification of this denial by timely motion for rehearing, pursuant to Rule 60Q-6.112, Fla. Admin. Code, and accompanied with appropriate documentation or explanation addressing the above deficiencies. If any party seeks a telephonic re-hearing on the issue, they may express their request in the motion and the extraordinary circumstances which support the request for a telephonic re-hearing.

Thereafter, Claimant filed a "Verified Motion For Approval of Employer/Carrier Paid Attorney's Fees or in the Alternative Request for Telephonic Rehearing." In that motion, Claimant alleged that the E/SA in fact did respond to the December 2013 PFB; specifically, on January 13, 2014, an undated and unfiled response to the December 2013 PFB was received from the E/SA indicating it would review the submitted reimbursement requests and would, under separate cover,

---

notice of the intention to do so and a reasonable opportunity to object. It appears that much of the dispute presented in this appeal could have been avoided had the JCC provided the parties' advance notice of his concerns and his accompanying intent to rely on specific documents in the court file to reach his conclusions, before making evidentiary findings and conclusions by reference to documents outside the parties' stipulation.

authorize a one-time-only medical evaluation. Claimant also alleged that the E/SA never raised a notice defense relating to the correct servicing agent nor moved to dismiss any PFB filed and that the E/SA did not timely accept or pay the claims: an appointment was not scheduled for Claimant until January 20, 2014; Claimant was not reimbursed for her out-of-pocket expenses until March 4, 2014; the March 4, 2014, response from the E/SA did not agree to pay the submitted medical bills—the E/SA agreed only to "process" the bills; and the benefits secured totaled $345.99, not $93.40 as suggested by the JCC. Claimant asked the JCC to either approve the requested fee or schedule a telephonic hearing if the judge needed further clarification or information. By order of July 9, 2014, the JCC denied the motion, stating that it presented "no credible or convincing documentation or explanation addressing the deficiencies stated in the Order of June 24, 2014. Moreover, [the JCC saw] no basis for a telephonic hearing."

A JCC's finding of facts will be upheld on appeal if it is supported by the record and if it appears that the JCC did not overlook or ignore any facts. See Rivas v. Oasis Outsourcing, Inc., 147 So. 3d 670, 672-73 (Fla. 1st DCA 2014). Section 440.34(3)(a) provides for the payment of an E/C-paid fee if a claimant successfully asserts a PFB for medical benefits only and has not filed, nor is entitled to file, a claim for indemnity benefits at that point in time. Section 440.34(7) provides that "[i]f an attorney's fee is owed under paragraph (3)(a), the [JCC] may approve an

5

alternative attorney's fee not to exceed $1,500 only once per accident, based on a maximum hourly rate of $150 per hour."

Here, it is not disputed that the PFBs sought only medical benefits. The JCC denied the requested attorney's fee because he "presumed" the E/SA failed to respond to the first PFB because an incorrect servicing agent was listed. The record does not support this "presumption"; to the contrary, the attorney representing the correct servicing agent filed a notice of appearance less than two weeks after the first PFB was filed, did not move to dismiss that PFB or assert a defense based on improper service, and attended the JCC-ordered mediation on that PFB.

The JCC also found that the claim was accepted timely. Again, the record does not support this; the E/SA did not file a response to either PFB within fourteen days of its receipt. See § 440.192(8), Fla. Stat. (2013) (requiring carrier to respond within fourteen days). See also Russell Corp. v. Brooks, 698 So. 2d 1334, 1335 (Fla. 1st DCA 1997) (holding claimed benefits not denied within fourteen days are deemed denied). Even though the benefits were subsequently provided—some only after mediation—fee entitlement remained. When a claim has been made, and the E/SA does not timely provide the requested benefits, entitlement to a fee is established when the E/SA thereafter provides the benefits. See Mitchell v. Sunshine Cos., 850 So. 2d 632, 633 (Fla. 1st DCA 2003) (explaining that "proof as to such details regarding the merits of the underlying disability claim is not required in the

6

context presented here [provision of the claimed benefits following a mediation], with the successful prosecution being achieved on acceptance and payment of the claim"). Because the record does not support the JCC's grounds for rejecting the fee stipulation, it is appropriate that we reverse and remand this matter to the JCC.

REVERSED and REMANDED for proceedings consistent with this opinion.

WOLF, ROWE, and SWANSON, JJ., CONCUR.