PER CURIAM.
In this workers’ compensation case, Claimant appeals a ruling of the Judge of Compensation Claims (JCC) declining to approve a stipulation for a $1,500 attorney’s fee to be paid by the Employer/Carrier (E/C) to Claimant’s attorney under section 440.34(3)(a) and (7), Florida Statutes (2013). Because the appellate record does not support the JCC’s ruling, we reverse.
Claimant suffered compensable injuries in a motor vehicle accident in December 2013. Claimant filed petitions for benefits (PFBs) asking for a one-time change in authorized treating provider to Dr. Ellow-itz, the doctor of his choice, and associated attorney’s fees. Claimant filed more PFBs requesting treatment, payment of Dr. Ellowitz’s bill, and associated attorney’s fees. The E/C denied the benefits requested by Claimant in the PFBs. Months later, the parties entered a wash *1284 out settlement of the entire case, which included claimant-paid attorney’s fees; the parties also entered a stipulation whereby the E/C would pay both Dr. Ellowitz’s bill and, as the associated attorney’s fee, the “alternative” $1,500 “medical benefits only” fee permitted under section 440.34(3)(a) and (7). Based on these resolutions, the parties filed a motion for each stipulation seeking the JCC’s approval.
Subsequently, the JCC entered two orders. In one order, the JCC approved the fee and child support agreement associated with the washout. In the other order (challenged in this appeal), the JCC declined to approve the fee associated with the stipulation for Dr. Ellowitz’s bill. The JCC explained:
6. I find it significant that at no time prior to the complete washout of the captioned case did the carrier agree to pay Dr. Ellowitz’s bill, an expense which they previously denied on the grounds that Dr. Ellowitz did not constitute a one-time change since Dr. Meli had been previously authorized as the claimant’s one-time change of physician. Yet miraculously and at the time of the settlement the carrier agrees to pay Dr. El-lowitz’s bill plus $500.00 in cost and a fee of $1,500.00. The carrier pays a total of $9,851.16, almost $10,000.00, as a full and final settlement of the captioned case. I find nothing in the stipulation showing what legal services claimant counsel expended from the filing of the PFB on 7/21/2014 that convinced the carrier that Dr. Ellowitz’s bill was now their responsibility other than the fact that the entire case was being settled.
7. It is apparent to this tribunal that defense counsel and the carrier acquiesced to the structuring of the settlement in such a fashion as to maximize claimant counsel’s attorney’s fees and reduce the child support arrearage allocation to be applied towards the claimant’s outstanding child support arrear-age of $17,206.76. In other words, if the carrier simply applied $9,851.16 as the consideration for the washout settlement, the claimant would have paid Dr. Ellowitz’s bill himself, paid his attorney costs of $850.00 and a statutory percentage fee of $1,727.67; and Mr. Brady [Claimant] would receive net proceeds of $3,460.91 while $3,460.92 would be allocated towards the child support arrear-age. However, as the settlement was structured here Mr. Brady receives $2,887.50, child support arrearage allocation is $2,887.50 and claimant counsel receives fees of $2,875.00 ($1,375.00 + $1,500), an[] increased fee of $1,147.33 for simply getting defense counsel to configure the settlement paperwork. The only person that benefits financially] with this scheme is claimant counsel. Such machinations to maximize fees at the expense of the client should not be condoned nor validated and, therefore, said fee should not be approved because it was not earned.
(Footnotes omitted.) On the parties’ joint motion to vacate, the JCC republished his order, adding a finding that he approved the stipulation to pay Dr. Ellowitz’s bill and costs, but still declining to approve the fee and including the paragraphs quoted above.
In reversing this ruling, we follow the recent precedent set by Cuenca v. Nova Southeastern University, 160 So.3d 941 (Fla. 1st DCA 2015) (reversing order declining to approve $1,500 E/C-paid fee in side stipulation entered simultaneously with washout settlement), and Rivas v. Oasis Outsourcing, Inc., 147 So.3d 670 (Fla. 1st DCA 2014) (same). The facts of the instant case are sufficiently similar to the facts in Cuenca and Rivas to warrant reversal and remand for the JCC to con *1285 sider the amount of attorney’s fees award-able for Claimant’s counsel’s efforts in securing the payment of the medical bill in question, the entitlement to which is resolved by the parties’ agreement.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ROBERTS, C.J., WOLF and KELSEY, JJ., concur.