PER CURIAM.
In this workers’ compensation case, Claimant appeals the Judge of Compensation Claims’ (JCC’s) order denying stipulated litigation costs of $200 payable by the Employer/Carrier (E/C). The E/C has filed notice that it takes no position in this appeal. Because the JCC focused on an inapplicable administrative rule to deny the stipulated costs, we reverse.
Following Claimant’s successful pursuit of a claim for medical benefits, the parties submitted to the JCC a stipulation resolving the remaining claims for attorney’s fees and costs. The JCC denied the stipulation regarding the costs payable by the E/C because no supporting documentation describing the costs was provided. The JCC expressed concern that he was unable to determine if the claimed costs were truly costs as opposed to attorney’s fees disguised as costs. Claimant argued that no documentation was necessary given Florida Administrative Code Rule 60Q-6.123(5) which provides, in part, that “[a] *1290 claim for cost reimbursement in the amount of $250 or less shall not be set forth with specificity or detail.” The JCC rejected Claimant’s argument based upon his determination that the administrative rule is not valid. Both the JCC and Claimant, however, mistakenly assumed the applicability of rule 60Q-6.123(5) to this case.
By its title and its context, rule 60Q-6.123(5) applies only to settlements under section 440.20(11), Florida Statutes, where a claimant is responsible for paying his or her own attorney’s fees and costs out of a lump sum settlement extinguishing liability for all claims. In contrast, the stipulation here is for E/C-paid costs. Florida Administrative Code Rule 60Q-6.124(2), which is the applicable rule for fees and costs paid by a carrier apart from section 440.20(11) settlements, permits parties to “stipulate to the payment of attorney’s fees and costs,” with no requirement that the agreed-upon costs be justified or detailed. Such matters are governed by the law of contracts and settlement, with no specialized rules.
Claimant is not being asked to pay the costs incurred by his lawyer. The JCC’s apparent concern for Claimant’s welfare is misplaced where the E/C agrees to pay the payment of unspecified costs. While we express no opinion concerning the validity of rule 60Q-6.123(5) for settlements under section 440.20(11), the rule does not apply to the facts here. Accordingly, we REVERSE and REMAND for entry of an order awarding costs as agreed by the E/C and as permitted by rule 60Q-6.124.
SWANSON, MAKAR, and BILBREY, JJ., concur.