PER CURIAM.
In this workers’ compensation case, Claimant’s former attorney appeals the Judge of Compensation Claims’ (JCC’s) order denying his verified motion for approval of a stipulated quantum meruit attorney’s fee. An appellate court’s function in reviewing the resolution of a quantum meruit lien is to determine whether the trial judge abused his or her discretion and whether the decision is based on competent, substantial evidence (CSE). See Adams v. Fisher, 390 So.2d 1248, 1251 (Fla. 1st DCA 1980). We reverse because the JCC abused her discretion when she rejected the parties’ stipulation as to both the entitlement and the amount of a quantum meruit fee. ’
Florida has adopted the modified quantum meruit rule, “which limits recovery to the maximum amount of the contract fee in all premature discharge cases involving both fixed and contingency employment .contracts.” See Rosenberg v. Levin, 409 So.2d 1016, 1021 (Fla.1982) (holding that “an attorney employed under a valid contract who is discharged without cause before the contingency has occurred or before the client’s matters have concluded can recover only the reasonable .value of his services rendered prior to discharge, limited by the maximum contract fee”). In contingency cases, “the cause of action for quantum, meruit arises only upon the successful occurrence of the contingency.” Id. at 1022. Quantum me-ruit applies when. (1) counsel has been discharged without cause and (2) the contingency has occurred. Id. Furthermore, this court has held that quantum meruit liens apply to workers’ compensation settlements. Rosenthal, Levy & Simon, P.A. v. Scott, 17 So.3d 872, 876 (Fla. 1st DCA 2009) (reversing and remanding denial of quantum ru&ruit charging lien and holding that “where the discharged attorney successfully proves entitlement to a charging lien, the JCC is required to apportion the fee between the discharged attorney and the successor attorney”);
Here, Appellant represented Claimant for approximately one year. During this time, Appellant successfully obtained a settlement offer of $25,100 from the employer/carrier. Claimant, however, rejected the offer and subsequently terminated Appellant’s services. Appellant promptly filed a notice of charging lien asserting *1070 entitlement to a quantum meruit attorney’s fee. Claimant hired a successor attorney who negotiated a settlement offer of $39,150, which Claimant accepted. Soon after the JCC approved a statutory guideline attorney’s fee payable by Claimant from the settlement proceeds, Claimant (through his successor attorney) and Appellant filed a joint stipulation to resolve Appellant’s outstanding attorney’s fee lien for á sum of $1,375. In the joint stipulation, Claimant acknowledged the lien and agreed that the proposed fee is reasonable.
Appellant filed a verified motion to de-terminé attorney’s charging lien (verified motion). In the verified motion, Appellant described the services he had performed for which he was seeking a fee. Claimant, through the successor attorney, filed a response to the verified motion in which'he agreed that (1) Appellant properly filed a lien; (2) quantum meruit is the proper method for determining the fee because the contingency fee contract with Appellant was terminated by Claimant; and (3) the time expended and the fee amount are reasonable. ■
Following "an evidentiary hearing, the JCC entered an order denying the stipulated quantum meruit fee based on a determination that Appellant did not establish why he was discharged and did not show that he obtained any benefit for which he would be entitled to a Claimant-paid attorney’s fee. Notably, Claimant’s successor attorney repeatedly asserted during the hearing, that Claimant stipulated to the fée claimed by Appellant and fully understood the consequences of his stipulation. Nevertheless, the JCC rejected the stipulation and found that Appellant failed to carry his burden in establishing fee entitlement.
Case law holds that “a JCC is not required to follow a stipulation which is refuted by competent substantial evidence ” (emphasis supplied). Salinas v. C.A.T. Concrete, LLC, 46 So.3d 600 (Fla. 1st DCA 2010) (citing Farnam v. U.S. Sugar Corp., 9 So.3d 41 (Fla. 1st DCA 2009) (holding JCC entitled to reject parties’ stipulation where CSE supports contrary: finding)). “However, stipulations should not be ignored or set aside, without a showing of fraud, overreaching, misrepresentation, or some other basis that would void the agreement.” Sapp v. Berman Bros., 884 So.2d 1080 (Fla. 1st DCA 2004) (citing Williams v. Kraft, Inc., 585 So.2d 1120, 1121 (Fla. 1st DCA 1991)). Thus, in order to reject the parties’ stipulation here, the JCC was required to find some basis beyond a finding that Appellant did not present sufficient evidence to establish a stipulated fact. Furthermore, the record here contains no CSE to refute the parties’ stipulation that the Appellant is entitled to a quantum meruit fee of $1,375.
Accordingly, we REVERSE and REMAND the order on appeal for entry of an order approving the stipulated attorney’s fee of $1,375, because the JCC abused her discretion by rejecting the parties’ stipulation and denying the stipulated, quantum meruit fee.
WOLF, B.L. THOMAS, and OSTERHAUS, JJ., concur.