FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-3093
_____

KIMBERLY A. FOX,

    Appellant,

    v.

SARASOTA COUNTY SCHOOL
BOARD, and COMMERCIAL RISK
MANAGEMENT,

    Appellees.

_____

On appeal from the Office of the Judges of Compensation Claims.
Erik B. Grindal, Judge.

Date of Accident:  April 24, 2012.

June 25, 2025

PER CURIAM.

Claimant appeals an order of the Judge of Compensation Claims denying a fee stipulation after settlement.  Although we find no error in the denial of Claimant's motion to disqualify the JCC, we find error as to the rulings on the Employer/Carrier paid attorney's fees and costs.

After the parties reached a $114,900 settlement for claims from four dates of accident, they moved for approval of the Claimant paid attorney's fees.  These fees amounted to $12,240, to

be paid out of the total settlement. No Claimant paid costs were included. The JCC approved payment of these fees the same day.

Later that same day, the parties asked the JCC to approve their stipulation for E/C paid Claimant's attorney fees of $60,308.72 and E/C paid Claimant's costs of $24,691.28. The JCC declined to approve the stipulation. Claimant then brought this appeal.

JCCs have subject matter jurisdiction over E/C paid fees because section 440.34(1), Florida Statutes, states that attorney's fees "may not be paid for a claimant in connection with any proceedings arising under this chapter, unless approved by the [JCC] or court having jurisdiction over such proceedings." *See Delgado v. City Concrete Sys., Inc.*, 220 So. 3d 529, 530 (Fla. 1st DCA 2017) (applying § 440.34(1) where E/C stipulated to pay the fees for the claimant's attorney). But where, as here, a stipulation exists without evidence of "fraud, overreaching, misrepresentation, or some other basis that would void the agreement," a JCC is obligated to follow the stipulation. *Salzman v. Reyes*, 198 So. 3d 1068, 1070 (Fla. 1st DCA 2016) (citing *Sapp v. Berman Bros.*, 884 So. 2d 1080 (Fla. 1st DCA 2004)).

To reconcile this tension, we now explain: a JCC's review of a side stipulation for E/C paid fees extends only to the fee *amount*. *See Brady v. Cypress Commc'n of S. Fla.*, 169 So. 3d 1283, 1284 (Fla. 1st DCA 2015). It follows then that the JCC erred here when he denied E/C paid fee *entitlement*. *Id.* at 1285. Although the JCC found "no factual or legal basis for concluding that [Claimant's attorney] is entitled to payment of attorney's fees and taxable costs by the employer/carrier under the facts presented here," that finding is insufficient under *Salzman*. Instead, *Salzman* expressly requires "some basis beyond a finding that Appellant did not present sufficient evidence to establish a stipulated fact." 198 So. 3d at 1070.

In contrast to fees, JCCs have no jurisdiction at all over E/C-paid claimant's costs. *See Gobel v. Am. Airlines*, 177 So. 3d 1289, 1290 (Fla. 1st DCA 2015) (discussing application of rules of workers' compensation procedure to chapter 440). Therefore, the

JCC also erred by denying approval of the costs portion of this side stip.

SET ASIDE.

OSTERHAUS, C.J., and ROBERTS and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Bradley G. Smith and Nicolette E. Tsambis of Smith, Feddeler, Smith, P.A., Lakeland, for Appellant.

Ben Cristal of Cristal Law Group, Clearwater, for Appellees.