894 So.2d 1083 (2005)
JACK FEAGIN ELECTRIC, INC., and AMCOMP Preferred, Appellant,
v.
Jeff HALLMARK, Appellee.
No. 1D04-3203.
District Court of Appeal of Florida, First District.
March 4, 2005.
Lori M. Little, Esquire, Edward T. LeFever, P.A., Ocala, for Appellant.
Lynne M. Shigo, Esquire, Avera & Avera, P.A., Gainesville, and Sharon H. Proctor, Esquire, Avon Lake, OH, for Appellee.
HAWKES, J.
The Employer/Carrier (E/C) appeal the order of the Judge of Compensation Claims which found Claimant entitled to temporary partial disability (TPD) benefits for time periods for which he failed to submit employee earning report (DWC-19) forms, and for awarding Claimant's attorney a fee for securing these benefits. Although the JCC held the E/C was not required to pay benefits for these time periods until the Claimant filled out and returned the forms, the JCC erred by finding the benefits due and owing and awarding fees, before the forms were submitted. Accordingly, we reverse.
Rule 38F-3.0191(9), Florida Administrative Code (2001), in pertinent part, provides:
The carrier may require information from the employee concerning the employee's receipt of wages, unemployment compensation benefits, or Social Security benefits by sending the employee a copy of Form DWC-19, pursuant to Section 440.15(8), (10) and (11), F.S.... If the employee does not mail the completed form to the carrier within 21 days after the employee's receipt of Form DWC-19, the carrier may suspend temporary partial compensation benefits until it receives the form.
Id. (emphasis added). Based on the plain language of the rule, a carrier may suspend TPD benefits until it receives an employee's completed Form DWC-19. Here, because the JCC expressly found Claimant had not submitted the forms at the time of the hearing, TPD benefits were not due and owing. In fact, unless the forms are completed and returned, benefits may never be due and owing. Because the benefits requested were not due and owing at the time of the final hearing, and may never be due and owing, Claimant's attorney did not secure a benefit for Claimant.
REVERSED and REMANDED for proceedings consistent with this opinion.
KAHN, and VAN NORTWICK, JJ., concur.