PER CURIAM.
In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) that denies permanent total disability (PTD) benefits and awards the authorization of a physia-trist in Colombia, though with a condition precedent — which Claimant contends is in variance with the terms of the parties’ stipulation. We affirm the JCC’s denial of PTD without further comment, and write to address the award of a physiatrist in Colombia. Based on our analysis, we modify the award of a physiatrist by striking errant findings and conclusions, and affirm the order as modified.
Claimant suffered a compensable right knee injury on June 4, 1998, for which he was provided authorized medical care in the United States. After reaching the age of sixty-two, Claimant retired from his employment and moved to his native country of Colombia, in June of 2004. Claimant then filed a petition for benefits (PFB) for authorization of a physiatrist in Colombia. On April 4, 2008, the parties entered into a pretrial statement wherein the E/C stipulated that it would furnish Claimant a phy-siatrist in Colombia, without conditions or contingencies.
A final hearing was held on September 22, 2009, nearly 18 months after the parties entered into the stipulation. For the first time, the E/C sought to amend the pretrial stipulation to add the defense of medical necessity in response to the claim for authorization of a physiatrist. In the merit order which followed, the JCC concluded the E/C was bound by its April 8, 2008 stipulation to provide a physiatrist in Colombia. Nevertheless, the JCC ordered that the E/C provide a physiatrist in Colombia “upon referral” from Claimant’s authorized treating orthopedist (also in Colombia), thus modifying and rewriting the agreement which Claimant sought to enforce. Claimant brought this irregularity to the JCC’s attention via a motion for rehearing and the motion was denied without comment.
On appeal, Claimant contends that absent sufficient grounds for avoidance or modification, both the JCC and the E/C were bound by the E/C’s April 8, 2008 stipulation to provide a physiatrist in Colombia — with no additional conditions.
The primary purpose of a pretrial stipulation is to provide the parties an opportunity to state and simplify the issues to be determined by the JCC. See Fla. Admin. Code R. 60Q-6.113(2)(a)-(f). To effectuate this purpose, parties are encouraged to enter into stipulations to limit the issues for consideration and eliminate unnecessary proof. Id. Because due process rights are implicated, a party has a right to rely upon the issues as framed in the pretrial statement. See Isaac v. Green Iguana, Inc., 871 So.2d 1004 (Fla. 1st DCA 2004) (reversing denial of compensation based on affirmative defense not raised pretrial). Although the rules of workers’ compensation procedure allow a party to amend its pretrial statement whenever such amendment is approved by the JCC, (See Fla. Admin. Code R. 60Q-6.113(4)), this administrative rule does not alter substantive law governing the binding nature of stipulations and agreements. See generally Turner v. Miami-Dade County Sch. Bd., 941 So.2d 508, 509 (Fla. 1st DCA 2006) (“As a general rule, a stipulation properly entered into and relating to a *1050 matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court.” (internal citations and quotation marks omitted)); Jacobs v. Volker Stevin Constr., 609 So.2d 132, 133 (Fla. 1st DCA 1992) (JCC may void or modify a stipulation founded on fraud, misrepresentation, or concealment); Gus Stephens Drywall v. Durr, 569 So.2d 844, 845 (Fla. 1st DCA 1990) (A stipulation should not be ignored absent showing of fraud, overreaching, or misrepresentation).
Although the regular course of litigation commonly requires parties to amend or supplement claims, defenses, objections, or witnesses, as provided for in Rule 60Q-6.113(4), the circumstances presented here do not present a mere amendment or supplement to a defense. Here, in response to Claimant’s PFB for authorization of a physiatrist in Colombia, the E/C not only failed to raise the medical necessity defense in the pretrial statement, but took the additional and affirmative step of entering into a stipulation to provide a physiatrist in Colombia, obviating any defense or requirement of further proof. The JCC approved and found the stipulation binding and enforceable. Notwithstanding the friendlier title bestowed by the E/C, its purported amendment under the facts presented here was, in substance, an attempt to void or set aside a binding stipulation previously approved by the JCC. While there are certainly occasions which might require the voiding of a stipulation or agreement, a party’s mere change of litigation strategy, without more, provides insufficient grounds to set aside a binding agreement. See Lockheed Space Operations v. Pham, 600 So.2d 1261, 1263 (Fla. 1st DCA 1992) (party cannot avoid binding stipulation because he “falls out of love” with his earlier litigation strategy). Accordingly, here the JCC erred in modifying the terms of the parties’ agreement in the absence of any asserted or ostensible legal basis for such relief. Cf. Salinas v. C.A.T. Concrete, LLC, 46 So.3d 600 (Fla. 1st DCA 2010) (explaining legal bases for voiding stipulations).
 It is never a court’s function to rewrite the terms of an agreement to make it more reasonable. See Churchville v. GACS Inc., 973 So.2d 1212, 1216 (Fla. 1st DCA 2008). The JCC effectively rewrote the terms of the stipulation to require that the E/C would provide a physia-trist in Columbia “upon referral” from Claimant’s authorized treating orthopedist. The joint stipulation of the parties is binding on the JCC, and a finding by the JCC at variance with the stipulation will be overturned. Wright v. Golf Drive Residence, Inc., 412 So.2d 884 (Fla. 1st DCA 1982). Here, the parties’ joint agreement simply provides that the E/C “will provide” a physiatrist in the area of Claimant’s residence (Colombia). Neither party asserts any ambiguity in this agreement. Accordingly, the order on appeal is hereby modified by striking any requirement that Claimant obtain a referral before receiving authorization for a physiatrist. See Lawrence v. Aquarius Sales & Serv., Inc., 30 So.3d 690 (Fla. 1st DCA 2010) (modifying order by striking JCC’s errant findings, and affirming as modified).
Except as modified, the order is AFFIRMED.
LEWIS and CLARK, JJ., concur.
KAHN, J., Concurs with Opinion.