PER CURIAM.
 

 In this workers’ compensation appeal, Amie Perdue, as personal representative of the estate of Lorna Gayle Perdue (deceased), claimant below, argues that the Judge of Compensation Claims (JCC) erred in denying Lorna Gayle Perdue’s claim for temporary partial disability (TPD) benefits and correspondingly erred in denying her claim for penalties, interest, costs, and attorney’s fees. We agree and reverse for further proceedings consistent with this opinion.
 

 
 *817
 
 The JCC found that the claimant met her burden “to demonstrate that the particular physical restrictions [were] responsible for the lost wages or lack of employment” suffered by the claimant; thus, the claimant established a prima facie entitlement to TPD benefits. The JCC denied the TPD benefits, however, on the basis that appellant did not submit a DWC-19 Employee Earnings Report with respect to the claim. The JCC’s ruling is based on his reading of
 
 Jack Feagin Electric v. Hallmark,
 
 894 So.2d 1083 (Fla. 1st DCA 2005). In
 
 Hallmark,
 
 this court reversed the JCC’s award of TPD benefits because the claimant failed to submit the DWC-19 form.
 
 Hallmark
 
 made no mention, however, of whether the employer/carrier had provided to the claimant the forms referenced in the Florida Administrative Code, but reversed the JCC’s award of the claimed benefits because the claimant had not returned the forms. It is apparent that here the JCC concluded the employer/ear-rier was not required to prove that the forms were provided to the claimant. The JCC erred in that conclusion.
 

 The
 
 Hallmark
 
 panel relied on the plain language of Rule 38F-3.0191(9), Florida Administrative Code (2001)
 
 *
 
 , to conclude that “a carrier may suspend TPD benefits
 
 until it receives
 
 an employee’s completed form DWC-19.”
 
 Id.
 
 at 1083. The court explained that “because the JCC expressly found Claimant had not submitted the forms at the time of the hearing, TPD benefits were not due and owing” and “unless the forms are completed and returned, benefits may never be due and owing.”
 
 Id.
 
 The administrative code provision relied upon by
 
 Hallmark
 
 provides that the carrier may suspend benefits “[i]f the employee does not mail the completed form to the carrier within 21 days after the employee’s receipt of Form DWC-19.... ”
 
 Id.
 
 Clearly, the carrier’s provision of the forms is a condition precedent to the claimant’s duty to return the DWC-19 forms within twenty-one days of their receipt. Thus,
 
 Hallmark
 
 must be read to require the forms be returned in order to establish entitlement to payment of TPD benefits
 
 only
 
 in those instances where the forms are provided to the claimant.
 

 Here, Appellant argues convincingly there was no evidence that the DWC-19 forms for the relevant time period were sent to the claimant. In fact, the adjuster for the employer/carrier unequivocally testified that the forms were not sent. Because the employer/carrier sought to avoid payment of the requested TPD benefits on grounds the forms had not been completed, the employer/carrier had the burden to prove it sent the forms to the claimant. This it failed to do. Because the lack of the forms was the sole basis for the JCC’s denial of the TPD benefits, as well as the claimed penalties, interest, costs, and attorney’s fees, we REVERSE the order with instructions that an order be entered awarding the claimed benefits.
 

 VAN NORTWICK, WETHERELL, and ROWE, JJ., Concur.
 

 *
 

 This provision can now be found in Florida Administrative Code Rule 69L-3.01915.