BENTON, C.J.
 

 In proceedings below, the judge of compensation claims awarded temporary partial disability benefits to an injured work
 
 *935
 
 er, but denied penalties and interest the claimant sought. The employer and its insurance carrier appeal the award of benefits, and the claimant cross-appeals the denial of penalties and interest on benefits the employer and carrier failed to pay when due. On the main appeal, we affirm the award of benefits without further discussion. On the cross-appeal, we reverse the denial of penalties and interest, and remand so they may be awarded.
 

 The judge of compensation claims found that the claimant did not submit DWC-19 “Employee Earnings Report” forms to his employer, and denied penalties and interest for that reason,
 
 [1]
 
 ruling “that the payment of such TPD benefits was not due and owing until claimant filed earnings reports for the appropriate time periods. See,
 
 Jack Feagin Electric[, Inc.] v. Hallmark,
 
 894 So.2d 1083 (Fla. 1st DCA 2005).” But the evidence did not establish, and the judge of compensation claims did not find, that the employer or its insurance carrier ever sent DWC-19 forms to the claimant in the present case.
 

 Relying on Florida Administrative Code Rule 38F-8.0191(9)(2001),
 
 [2]
 
 we reversed the award of temporary, partial disability benefits in
 
 Hallmark
 
 because the claimant had not submitted DWC-19 forms for the time periods in dispute there.
 
 See Hallmark,
 
 894 So.2d at 1083 (“Although the JCC held the E/C was not required to pay benefits for these time periods until the Claimant filled out and returned the forms, the JCC erred by finding the benefits due and owing and awarding fees, before the forms were submitted.”). Under the ruling in
 
 Hallmark,
 
 an injured employee must return DWC-19 forms in order to establish entitlement to payment of temporary, partial disability benefits — but only where the forms are first sent to the employee by the claims-handling entity.
 
 See id.
 
 (stating “unless the forms are completed and
 
 returned,
 
 benefits may never be due and owing”) (emphasis supplied).
 
 See also Catalina Yachts v. Warren,
 
 946 So.2d 76 (Fla. 1st DCA 2006). In the present case, it was error to conclude that temporary partial disability benefits were not due and owing until the claimant filed DWC-19 forms he apparently never received and may never have heard of.
 

 The current administrative rule — applicable here — requires the claims-handling entity to send any injured employee who has been released to work on a restricted basis a letter along with DWC-19 forms, explaining the employee’s eligibility for temporary, partial disability benefits. This letter to the injured employee must include notice that temporary partial disability benefits may “cease” if the injured employee “do[es] not
 
 return,
 
 if requested, Form DFS-F2-DWC-19, ‘Employee Earnings Report’, as adopted in Rule 69L-3.025, F.A.C, to this claims office within 21 days after you receive it.” Fla. Admin. Code R. 69L-3.01915(l)(b)4.(2001) (emphasis supplied). Similarly, Florida Administrative Code Rule 69L-3.021provides in part:
 

 (2) Upon request of the ... claims-handling entity, any employee eligible for ... temporary partial [disability], ... shall complete, sign, and return Form DFS-F2-DWC-19, as adopted in Rule
 
 *936
 
 69L-3.025, F.A.C., within 21 days after receiving it to report all earnings of any nature, including all social security benefits. The ... claims-handling entity may require the employee to send Form DFS-F2-DWC-19 no more than once a month.
 

 (3) If the employee refuses to report information requested in accordance with subsection ... (2) above within 21 days after receipt of the request, payments of workers’ compensation disability benefits for ... temporary partial [disability], ... shall cease until such time as the employee furnishes the signed form.
 

 Both the rule and the letter contemplate an antecedent request, and both require that the employee be furnished DWC-19 forms, as a condition precedent to the injured employee’s obligation to complete and return the forms he or she has been given to fill out.
 
 See Perdue v. Sebring Marine Ind. Inc.,
 
 — So.3d -, 2011 WL 3331255 (Fla. 1st DCA 2011). In the present case, when the claimant established that he was entitled to temporary, partial disability benefits, and proved that he was not paid these benefits within seven days of the date they became due, he made out a prima facie case for penalties and interest.
 
 See
 
 § 440.20(6)(a), Fla. Stat. (2009).
 

 Section 440.15(4), Florida Statutes (2009), which provides for the payment of temporary, partial disability benefits, contains no requirement that a temporarily, partially disabled employee file any specific form
 
 [3]
 
 in order to be entitled to benefits. It will always be within the knowledge of the claims-handling entity, moreover, whether it sent the injured worker DWC-19 forms, and should not be hard to prove, if it has been done. In the circumstances, we see no good reason to burden claimants with proof of a negative. In the present case, because the employer and carrier did not prove that the forms were ever sent to the claimant, they failed to prove that any duty ever arose on the claimant’s part to complete and return the forms.
 
 See Perdue,
 
 — So.3d - (Fla. 1st DCA 2011). The judge of compensation claims erred in denying penalties and interest merely because the claimant had not completed DWC-19 forms it was never proven anybody had ever furnished him or apprised him of.
 

 Accordingly, the compensation order is affirmed, but the order denying penalties and interest is reversed, and the case is remanded for entry of an order awarding penalties and interest for late temporary, partial disability benefits.
 

 CLARK and MARSTILLER, JJ., concur.
 

 [1]
 

 . The judge of compensation claims decided that, "[bjecause no TPD was due and owing until claimant filed the earnings reports, I denied the claim for interest and penalties.”
 

 [2]
 

 . Subsection (9) included the same twenty-one day requirement now found in Florida Administrative Code Rules 69L-3.01915 and 69L-3.021. The court said that "because the JCC expressly found Claimant had not submitted the forms at the time of the hearing, TPD benefits were not due and owing.”
 
 Jack Feagin Electric, Inc. v. Hallmark,
 
 894 So.2d 1083, 1083 (Fla. 1st DCA 2005).
 

 [3]
 

 . The statute does, however, authorize the Department of Financial Services to develop "forms and procedures governing the method and time for payment of temporary disability benefits.” § 440.15(4)(e), Fla. Stat. (2009). Promulgated pursuant to this authority, Florida Administrative Code Rule 69L-3.01915 applies to temporary partial benefits for dates of accident on or after October 1, 2003.