PER CURIAM.
 

 In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) denying penalties and interest on the awarded temporary partial disability benefits. We reverse, finding the JCC erred in considering a defense not raised by the Employer/Carrier and failing to award penalties and interest after determining Claimant
 
 *808
 
 was entitled to temporary partial disability benefits.
 

 Claimant filed a petition for benefits on July 15, 2010, claiming entitlement to temporary partial disability benefits from April 28, 2010, and continuing. The E/C denied entitlement on grounds Claimant was at or near maximum medical improvement and Claimant could not demonstrate a nexus between her reduced earnings and the physical restrictions resulting from her injuries. At no time did the E/C assert that Claimant was not entitled to the claimed benefits because she failed to return to the Carrier the employee earnings reports, also called DWC-19s.
 

 Following the final hearing, the JCC found Claimant entitled to most of the claimed temporary partial disability benefits. The JCC further found Claimant had not filed the DWC-19 forms sent to her attorney, although the E/C never raised this as a defense. The JCC predicated the E/C’s obligation to pay the disputed benefits on Claimant’s filing of the forms and denied the requested penalties and interest because the benefits were not due and owing until the forms were filed.
 

 The JCC violated Claimant’s due process rights by sua sponte considering a defense not raised by the E/C and denying the claim for payment of penalties and interest on that basis, thereby depriving Claimant of the opportunity to present evidence regarding her entitlement to the awards.
 
 See School Dist. of Hillsborough County v. Dickson,
 
 67 So.3d 1080, 1083 (Fla. 1st DCA 2011) (holding “JCC denied E/C due process when she sua sponte raised the application of section 440.20(4) without affording the E/C the opportunity to present evidence regarding the section’s application”). Because the JCC found Claimant entitled to an award of temporary partial disability benefits, the JCC erred in denying penalties and interest.
 
 See Republic Waste Servs. Inc. v. Ricardo,
 
 68 So.3d 934, 936 (Fla. 1st DCA 2011) (holding penalties and interest were due because “claimant established that he was entitled to temporary, partial disability benefits, and proved that he was not paid these benefits within seven days of the date they became due, [thus,] he made out a prima facie case for penalties and interest.
 
 See
 
 § 440.20(6)(a), Fla. Stat. (2009)”).
 

 Accordingly, we REVERSE and REMAND this matter to the JCC for entry of an order striking all references to Claimant’s failure to file the DWC-19s and directing payment to Claimant of penalties and interest on the awarded temporary partial disability benefits.
 

 PADOVANO, HAWKES, and SWANSON, JJ., concur.