PER CURIAM.
 

 In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred on multiple counts. We agree with two of Claimant’s six points and write only to address those; the remaining points on appeal are affirmed without comment.
 

 Claimant sought payment of penalties and interest on the late payment of temporary partial disability (TPD) benefits for the time period of June 12, 2009, through August 14, 2009. Based on the testimony of Dr. Wilensky, Claimant’s treating orthopedist, Claimant was in a no-work status during this time period. Thus, Claimant was not entitled to the TPD benefits paid to him; rather, he would have been entitled to temporary total disability benefits—had he not been receiving unemployment compensation benefits during this time.
 
 See
 
 § 440.15(10)(a), Fla. Stat. (2008) (“No compensation benefits shall be payable for temporary total disability or permanent total disability under this chapter for any week the injured employee has received, or is receiving, unemployment compensation benefits.”). Thus, the JCC did not err in denying penalties and interest on indemnity benefits sought for the requested time period.
 

 The JCC did err, however, in finding that the Employer/Carrier (E/C) overpaid benefits paid during this time period. This determination was error because it was based on a defense untimely asserted—first raised by the E/C in its written closing argument submitted after the conclusion of the final hearing.
 
 See Isaac v. Green Iguana, Inc.,
 
 871 So.2d 1004, 1006 (Fla. 1st DCA 2004) (holding JCC erred in permitting E/C to amend defenses at time of trial to include affirmative defense of fraud).
 

 Because the JCC found the E/C entitled to an overpayment, she directed that the $87.05 penalty due for a late payment of interest for a different time period be deducted from the overpayment. Had the award of an overpayment been proper, this would have been permissible.
 
 See New Hope Baptist Church v. Duran,
 
 38 So.3d 170, 171 (Fla. 1st DCA 2010) (modifying final order to reflect that five dollars of overpayment would be reclassified as interest). Because the JCC erred in finding that the E/C overpaid TPD benefits, the JCC erred in reducing the overpayment by the amount owed in penalties.
 

 The JCC also erred in denying Claimant an attorney’s fee and costs for the successful prosecution of the claim for penalties on the late payment of interest.
 
 See
 
 § 440.34(3)(b), Fla. Stat. (2008) (“If any party should prevail in any proceedings before a[JCC] or court, there shall be taxed against the nonprevailing party the reasonable costs of such proceedings, not to include attorney’s fees. A claimant shall be responsible for the payment of her or his own attorney’s fees, except that a claimant shall be entitled to recover a reasonable attorney’s fee from a carrier or employer ... (b) In any case in which the employer or carrier files a response to petition denying benefits ... and the injured person has employed an attorney in the successful prosecution of the petition.”).
 

 Accordingly, the order on appeal is AFFIRMED in part, REVERSED in part, and REMANDED for entry of an order striking any reference to an overpayment, directing that the Employer/Carrier pay $87105 in penalties for the late payment of interest, and finding Claimant entitled to a
 
 *90
 
 fee and costs for obtaining the $87.05 penalty.
 

 PADOVANO, HAWKES, and SWANSON, JJ., concur.