PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC)(1) violated Claimant’s due process rights by sua sponte considering the defenses of medical necessity and major contributing cause (MCC), which were not raised by the Employer/Carrier (E/C) in the parties’ pretrial stipulation, and (2) the JCC erroneously admitted the medical opinions of Dr. Shane VerVoort, which were based upon inadmissible hearsay. Because the record supports the JCC’s ruling on the admissibility of medical opinions of Dr. VerVoort, we affirm this second issue on appeal, without further comment. We reverse and remand on the basis that the JCC erred by denying Claimant’s entitlement to the requested benefits based on a defense untimely asserted.

*1226
BACKGROUND

Claimant sustained a bulging disc in his lower back in a work-related accident while employed with his former employer in 2002. Claimant settled this claim in 2003 and did not seek any further treatment for his lower back until Claimant aggravated his back injury on April 19, 2008, while employed at Walgreens. Claimant’s authorized treating physician for the 2008 industrial accident, Dr. Jones, diagnosed a temporary exacerbation. On July 1, 2008, Dr. Jones found Claimant had recovered from this exacerbation, placed him at maximum medical improvement (MMI), and released him to full duty.
Subsequently, Claimant suffered an additional back injury on May 8, 2010, (the instant date of accident), and presented to Dr. David Lemay, a physical medicine and rehabilitation specialist. Dr. Lemay diagnosed Claimant with an aggravation of his pre-existing back condition, but opined Claimant’s 2010 accident was not the MCC of his condition or need for treatment. After the E/C contested the compensability of Claimant’s May 8, 2010, back injury on MCC grounds, along with Claimant’s entitlement to a physical therapy evaluation as prescribed by Dr. Lemay, the com-pensability of the back injury was established in a final compensation order issued on April 11, 2011, wherein the JCC found MCC did not apply to the facts because there was no evidence of any non-industrial accident involving Claimant’s back. On Claimant’s request for authorization of physical therapy, the JCC ordered the E/C to provide an authorized medical provider to determine what, if any, additional care and treatment of Claimant’s back injury is medically appropriate. In Knight v. Walgreen Pharmacy/Sedgmck CMS, 79 So.3d 24 (Fla. 1st DCA 2012), this court per curiam affirmed the JCC’s order.
In compliance with the JCC’s 2011 order, the E/C authorized Dr. VerVoort and an initial examination was undertaken on June 15, 2011. Dr. VerVoort prescribed several medications, including a pain patch and pills for breakthrough pain. On June 27, 2011, Dr. VerVoort referred Claimant for a neurosurgical evaluation. At an October 11, 2011, visit to Dr. VerVoort, Dr. VerVoort became concerned that Claimant was not using his medications as prescribed because Claimant was not wearing his narcotic medication patch. Dr. VerV-oort obtained a urine drug sample, the results of which indicated Claimant was not using his prescribed medications as directed, despite his claims to the contrary. Due to the absence of any medication in the drug screen, which indicated Claimant had not used the medication at all, Dr. VerVoort refused to provide any further medications for his pain.
On November 8, 2011, Claimant filed a petition for benefits (PFB) seeking authorization for a neurosurgical evaluation, as recommended by Dr. VerVoort. In its response to the PFB, submitted on November 16, 2011, the E/C indicated that the claim for a neurosurgeon had never been denied and that the neurosurgeon the E/C contacted, Dr. Schmitz, cancelled the appointment because he wished to first review Claimant’s records. Ultimately, Dr. Schmitz declined to see Claimant. On November 16, 2011, the E/C issued a Notice of Denial to the entire claim based on misrepresentations made by Claimant to Dr. VerVoort regarding his use of prescribed pain medications.
On February 8, 2012, Claimant filed an additional PFB wherein Claimant sought, among other benefits, reinstatement of his terminated benefits. The E/C asserted the entire claim had been denied based on misrepresentations made by Claimant to Dr. VerVoort. On February 9, 2012, the *1227 JCC entered an order to consolidate Claimant’s pending claims.
In the parties’ pretrial stipulation, filed on May 3, 2012, the E/C indicated the November 8, 2011, PFB for a neurosurgical evaluation “has never been denied.” The E/C further indicated that by the time Dr. Schmitz declined to see Claimant, the entire case had been denied based on misrepresentation and fraud.
At hearing, Claimant, pro se at trial, objected to the introduction of his urine screen lab report obtained by Dr. VerV-oort, which was included in Dr. VerVoort’s medical records, on hearsay grounds. The JCC indicated that, although the E/C failed to prove the lab report was admissible, the doctor could render opinions based on the report in question if he testifies that it is something upon which he generally relies in rendering his opinions and determining how to treat patients. Consequently, the JCC ruled the lab report was inadmissible, but Dr. VerVoort could still rely on it and testify about how it affects his opinions.
Thereafter, Claimant testified that he refused to take the medications prescribed by Dr. VerVoort because they made him ill. Dr. VerVoort testified that the fact that Claimant was not taking medication for his back pain appeared to indicate Claimant’s complaints of severe pain were unsupported. Dr. VerVoort testified that it was reasonable to conclude Claimant had sustained a temporary exacerbation and had returned to baseline.
In closing argument, counsel for the E/C maintained that the only reason Claimant’s request for a neurological evaluation was denied was the suspicion of fraud by Claimant. Counsel for the E/C argued that if the JCC did not find evidence of fraud, the JCC should consider Dr. VerV-oort’s opinion that Claimant sustained a temporary exacerbation and has since returned to baseline, relieving the E/C of the duty to furnish any further treatment. In addition, the E/C argued the neurosurgical evaluation was not medically necessary.
In the order on review, the JCC denied Claimant’s request for a neurosurgical evaluation and reinstatement of his medical benefits. According to the JCC, Claimant failed to meet his burden to prove that same were medically necessary and that the MCC of each was the com-pensable injury. The JCC accepted Dr. VerVoort’s opinion that there was no objective medical evidence of Claimant’s need for continued treatment as of October 11, 2011, and, consequently, found the E/C’s responsibility for care and treatment of Claimant’s back injury was at an end. As a result, the JCC determined the E/C’s fraud defense was moot. However, the JCC found, in the alternative, the E/C’s fraud defense would be denied due to the E/C’s failure to establish that Claimant’s misrepresentation to Dr. VerVoort was made in pursuit of workers’ compensation benefits.
In his motion for rehearing, Claimant argued the JCC had overlooked the fact that the E/C had stipulated to the authorization of the neurosurgeon referral, as indicated in its response to the PFB and the pretrial stipulation. Claimant further argued the E/C’s attempt to rely on the “no medical necessity” opinion obtained subsequent to their stipulation on the evaluation was improper; as was the JCC’s acceptance of said defense in light of the fact that same was not identified in the pretrial stipulation. In its objection to Claimant’s motion for rehearing, the E/C maintained that it never denied Claimant’s request for the neurosurgical evaluation.
In the order denying Claimant’s motion for rehearing, the JCC found the E/C had proven Claimant’s compensable injury was *1228 not the MCC of any further treatment based on Dr. VerVoort’s medical opinions. Claimant timely appealed.

ANALYSIS

An injured employee’s right to receive workers’ compensation benefits is a property right protected by procedural due process safeguards including notice and an opportunity to be heard. Rucker v. City of Ocala, 684 So.2d 836, 840-41 (Fla. 1st DCA 1996). Parties are required to set forth their claims, defenses, and issues at the pre-trial conference. Isaac v. Green Iguana, Inc., 871 So.2d 1004, 1006 (Fla. 1st DCA 2004). Because due process rights are implicated, a party has a right to rely upon the issues as framed in the pretrial statement. See Isaac, 871 So.2d at 1004 (reversing denial of compensation based on affirmative defense not raised pretrial).
Here, it is undisputed that, in response to Claimant’s PFB for authorization of a neurosurgical evaluation, the E/C not only failed to raise the medical necessity defense in the pretrial statement, but indicated that same was denied on the sole basis of misrepresentation, obviating any defense or requirement of further proof. Thus, it was contrary to the procedural due process established for workers’ compensation cases for the JCC to rule on Claimant’s entitlement to the neurosurgical evaluation based on a defense that was untimely asserted, as it was first raised by the E/C in closing arguments at hearing. See Ballard v. Edd Helms Group, 79 So.3d 88, 89 (Fla. 1st DCA 2011), reh’g denied (Feb. 9, 2012) (holding JCC erred in finding E/C overpaid benefits based on defense untimely asserted—first raised by the E/C in written closing argument submitted after final hearing).
Here, not only did the E/C fail to put Claimant on notice that it was contesting further medical treatment on the grounds of causation or medical necessity, it further represented that it was not denying the claim for authorization of a neurosurgeon, except to the extent that this claim was precluded by Claimant’s alleged misrepresentations. Given that the purpose of the pretrial stipulation is to put the parties on notice of what is in dispute, see Marin v. Aaron’s Rent To Own, 53 So.3d 1048 (Fla. 1st DCA 2010) (holding primary purpose of pretrial stipulation in workers’ compensation is to provide parties an opportunity to state and simplify issues to be determined by the JCC), and considering that Claimant could have obtained other medical evidence had he been put on notice that there was a dispute regarding medical necessity or on an issue of causation, the JCC’s invocation of an issue not set forth in the pretrial was both improper and harmful.
Further, the JCC erred in ruling Claimant had the burden to present evidence on MCC, especially where no such issue was articulated on the pretrial stipulation. Moreover, as the JCC correctly found in the April 2011 order, MCC does not apply to the facts here because there was no evidence of any non-industrial accident involving Claimant’s back. Accordingly, the order on review is reversed and remanded for entry of an order consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED for entry of an order consistent with this opinion.
LEWIS, THOMAS, and MAKAR, JJ, concur.