LEWIS, C.J.
In this workers’ compensation case, Claimant argues that the Judge of Compensation Claims (JCC) erred when he denied Claimant’s claim for upgraded hearing aids. Because the employer/servicing agent (E/SA) agreed to provide the upgraded hearing aids — and only challenged the specific model requested by Claimant — we hold that the JCC abused his discretion, when he denied the claim in its entirety based on insufficient evidence to establish the need for upgraded hearing aids.
The basic facts in this case are not in dispute. Claimant, a former firefighter, suffered a partial loss of hearing in both ears related to on-the-job noise exposure. The E/SA accepted compensability for a date of accident of October 19, 1999, and provided medical care, including the furnishing of hearing aids. According to Claimant, the E/SA had routinely provided upgraded hearing aids at the request of the authorized treating physician approximately every two years.
In July 2012, the authorized treating physician wrote a prescription for “upgrade new hearing aides (sic) for [Claim *1221 ant] as per audiologist’s request.” Claimant met with a hearing aid specialist who, after testing, recommended the Beltone True 17. The claims adjuster for the E/SA later told the hearing aid specialist that the Beltone True 17 model was too costly and asked for something less expensive. Claimant, however, was unwilling to consider another hearing aid model.
On October 3, 2012, Claimant filed a petition for benefits (PFB) requesting “authorization for appropriate hearing aids recommended by [Claimant’s] medical professional which carrier has refused to authorize.” In its response to the PFB, the E/SA stated that “[t]he hearing aids as recommended by the treating physician were never denied, they were previously authorized.” In the written pretrial stipulation and at the final hearing, the E/SA continued to assert that the hearing aids recommended by the authorized treating physician had never been denied. At the beginning of the final hearing, the attorney for the E/SA conceded that “[t]he issue here is preference, not medical necessity” and whether the E/SA should provide Claimant with “the specific and only request” that Claimant had made. At no point, however, did the E/SA provide any argument or evidence of what other model, or models, would be appropriate medically necessary hearing aids in accordance with the authorized treating physician’s recommendation.
Despite the E/SA’s concession that Claimant is entitled to new (upgraded) hearing aids based on the recommendation from the authorized treating physician, the JCC here found that Claimant failed to prove the need for an upgrade with objective medical evidence. In reaching this finding, however, the JCC abused his discretion. The right to receive workers’ compensation benefits is a property right protected by procedural due process. Rucker v. City of Ocala, 684 So.2d 836, 840-41 (Fla. 1st DCA 1996). At pretrial, the parties are required to identify the claims, defenses and issues to be addressed at the final hearing. Isaac v. Green Iguana, Inc., 871 So.2d 1004, 1006 (Fla. 1st DCA 2004). Furthermore, “[b]e-cause due process rights are implicated, a party has a right to rely upon the issues as framed in the pretrial statement.” Knight v. Walgreens, 109 So.3d 1224, 1228 (Fla. 1st DCA 2013) (citing Isaac, 871 So.2d at 1004).
In Knight, this court held that the JCC violated the claimant’s due process rights where the JCC considered defenses of medical necessity and major contributing cause, which were not raised by the employer/carrier in the pretrial stipulation. 109 So.3d at 1228. Here, the E/SA stated in the pretrial stipulation that the claim for the hearing aids recommended by the treating physician had never been denied and expressly conceded at the final hearing that the medical necessity of upgraded hearing aids, as recommended by the authorized treating physician,' was not an issue. Under these circumstances, it was a violation of due process and an abuse of discretion to deny Claimant’s claim for authorization of upgraded hearing aids, without qualification, based on a finding that Claimant failed to produce evidence of medical necessity for any upgrade. Accordingly, the order is REVERSED and REMANDED for further proceedings regarding appropriate upgraded hearing aids.
WOLF and ROBERTS, JJ., concur.