IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

S & M TRANSPORTATION, INC., ETC.,

    Appellant/Cross-Appellee,

 v.                                Case No.  5D14-4401

NORTHLAND INSURANCE COMPANY,
ETC.,

    Appellee/Cross-Appellant.

_____/

Opinion filed December 2, 2016

Appeal from the Circuit Court
for Orange County,
Donald A. Myers, Jr., Judge.

V. Rand Saltsgaver, of Law Offices of Rand
Saltsgaver, and Charles Parker, Jr., of
Mapp & Parker, P.A., Orlando, for
Appellant/Cross-Appellee.

Maureen G. Pearcy, Andrew E. Grigsby,
and John J. Cavo, of Hinshaw & Culbertson
LLP, Coral Gables, for Appellee/Cross-
Appellant.

CRAGGS, A.M., Associate Judge.

      S & M Transportation, Inc., ("S&M") appeals and Northland Insurance Co.

("Northland") cross-appeals the trial court's "Final Declaratory Judgment for the Plaintiff,

S&M Transportation, Inc." entered following a jury trial.[1]  S&M argues that the trial court erred as a matter of law when it separately made findings of fact in the final declaratory judgment regarding S&M's failure to establish damages, where the parties' joint pretrial stipulation established that the only issue for determination by the jury was whether S&M's Freightliner truck had been lost due to theft.  In its cross-appeal, Northland argues that the trial court erred by denying its motion for summary final judgment and its post-trial motion to correct the final declaratory judgment.  Concluding that the trial court erred when it made findings exceeding the scope of the parties' joint pretrial stipulation, we reverse the final declaratory judgment.[2]  We affirm on Northland's cross-appeal.

In this case, Northland issued a one-year commercial automobile policy to S&M that insured the truck at issue.  S&M contracted with Broadway Premium Funding ("Broadway") to finance the premiums owed on the insurance policy.  Sometime after 12:01 a.m. on May 21, 2010, S&M's truck was allegedly stolen, resulting in S&M filing a claim with Northland under the policy for the loss of the truck by theft.  Northland denied coverage, asserting that it no longer had contractual responsibility to S&M for the claim because the policy had been cancelled, effective at 12:01 a.m. on May 21, 2010, due to S&M's non-payment of the monthly premium to Broadway.  Thereafter, S&M filed a complaint, seeking a declaration of its rights under the policy, alleging, in part, that its

---

[1] Even though the court's final judgment stated in the title that it was "for" S&M, as discussed *infra*, by finding in the judgment that S&M failed to prove damages, the net effect of the final judgment actually favored Northland.

[2] Accordingly, we find it unnecessary to address S&M's other issues on appeal.

truck had been stolen, that it had filed a claim under its policy with Northland, and that Northland wrongfully denied coverage for the loss under the policy.

After filing its answer and conducting discovery, Northland filed a motion for summary final judgment regarding one of its affirmative defenses, asserting that the policy was cancelled prior to the theft and, therefore, Northland was not liable for coverage. Northland attempted to prove cancellation of the policy by attaching to its summary judgment motion copies of certain documents, including: the cancellation notice from Broadway to Northland's agent, J.M. Wilson; the notice of cancellation from Northland to S&M; and the notice of intent to cancel from Broadway to S&M. Although none of these documents attached to Northland's motion were verified or authenticated by separate affidavit, they were attached to the sworn deposition of Northland's representative, Drew Johnson, which had been filed with the court in advance of the summary judgment hearing. The trial court denied Northland's motion for summary judgment by unelaborated order.

At a pretrial conference, the parties represented to the court that the sole issue to be resolved at trial was whether, under the terms of the policy, there was a theft of S&M's truck. Thereafter, the parties filed a joint pretrial stipulation wherein they agreed that "[t]his is an action for declaratory relief as to whether the Plaintiff suffered the loss of the Freightliner tractor truck from any cause under the comprehensive coverage, or by theft, pursuant to the Physical Damage provisions of the insurance policy between the Plaintiff . . . and the Defendant." At the conclusion of the trial, the jury specifically found that S&M suffered a loss under the physical damage provision of the insurance policy with Northland for the theft of the truck.

3

Thereafter, the trial court issued the final declaratory judgment under review. The judgment provided that S&M "suffered a cause of loss that would be covered under the physical damage provision of the insurance policy with [Northland] for the theft of its Freightliner tractor truck," but also went on to find that "there has been no proof of a loss for recovery of damages that would be payable under the insurance policy." Therefore, by its final judgment, the court essentially determined that there was no covered loss under the policy.

We find that the trial court erred when it included additional findings in the final judgment that exceeded the agreed upon issues to be tried by the parties in the pretrial stipulation. The parties' pretrial stipulation limited the issues of fact and law to be presented at trial and decided by the jury. "[T]he purpose of the pretrial stipulation is to put the parties on notice of what is in dispute . . . ." *Knight v. Walgreens*, 109 So. 3d 1224, 1228 (Fla. 1st DCA 2013) (citing *Marin v. Aaron's Rent to Own*, 53 So. 3d 1048 (Fla. 1st DCA 2010)). Although the parties could have also agreed to have the jury determine damages, they did not do so, and by their pretrial stipulation, they limited the only issue for the jury to determine was whether there was a theft of S&M's truck that was covered under the insurance policy.

"A pretrial stipulation limiting the issues to be tried is 'binding upon the parties and the court, and should be strictly enforced.'" *LPI/Key W. Assocs., Ltd. v. Beachcomber Jewelers, Inc.*, 77 So. 3d 852, 854 (Fla. 3d DCA 2012) (quoting *Broche v. Cohn*, 987 So. 2d 124, 127 (Fla. 4th DCA 2008)). Based upon the pretrial stipulation, S&M had no reason to attempt to establish quantifiable damages at trial. Moreover, Northland did not argue at trial that S&M should not prevail due to its failure to present evidence of

4

damages. After the jury determined that S&M suffered a theft that was covered under the policy, the trial court's entry of the final declaratory judgment should have been constrained to the coverage issue alone. Consequently, the trial court's additional findings and rulings as to damages were error.

Turning to Northland's cross-appeal, Northland argues that its motion for summary judgment was improperly denied because the insurance policy issued by Northland to S&M was cancelled prior to the truck being stolen, thus eliminating coverage for the theft. As we explain below, we find that the trial court properly denied Northland's motion for summary judgment, albeit for the wrong reasons. Accordingly, pursuant to the "tipsy coachman" doctrine, we affirm the trial court's denial of Northland's motion for summary judgment. *See Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002) (stating that the "tipsy coachman" doctrine "allows an appellate court to affirm a trial court that 'reaches the right result, but for the wrong reasons' so long as 'there is any basis which would support the judgment in the record'" (quoting *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644–45 (Fla. 1999))).

To obtain a summary judgment, Northland had the burden of presenting competent evidence to support the nonexistence of a genuine issue of material fact. *See Colon v. JP Morgan Chase Bank, NA*, 162 So. 3d 195, 197 (Fla. 5th DCA 2015) (citing *Holl v. Talcott,* 191 So. 2d 40, 43 (Fla. 1966)). Northland was required to "specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence" on which it relied. Fla. R. Civ. P. 1.510(c). Additionally, supporting affidavits must

> be made on personal knowledge, shall set forth such facts as
> would be admissible in evidence, and shall show affirmatively

5

> that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

*Id.* at 1.510(e).

As previously described, Northland attached to its motion for summary judgment documents that were neither verified nor authenticated in support of its defense that the policy was cancelled prior to the theft of the truck. "[M]erely attaching an unsworn document . . . to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Florida Rule of Civil Procedure 1.510(e)." *First Union Nat'l Bank of Fla. v. Ruiz*, 785 So. 2d 589, 591 (Fla. 5th DCA 2001) (citing *Bifulco v. State Farm Mut. Auto. Ins. Co.*, 693 So. 2d 707, 708 (Fla. 4th DCA 1997)). Therefore, the unverified and unauthenticated copies of the notices of cancellation attached to Northland's motion were insufficient for summary judgment purposes because only competent evidence that would be admissible at trial may be considered in ruling on a motion for summary judgment. *See Bryson v. Branch Banking & Tr. Co.*, 75 So. 3d 783, 786 (Fla. 2d DCA 2011) (citations omitted).

We acknowledge that the documents offered by Northland to prove cancellation were also attached to the timely filed, sworn deposition of Northland's representative, Drew Johnson. Although the documents themselves are hearsay, under certain circumstances, "business records" can be admissible in evidence as an exception to the hearsay rule under section 90.803(6)(a), Florida Statutes (2015), and thus can be competent evidence in support of a motion for summary judgment. However, for these records to be admissible under this statute, the proponent must show that

6

> (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.

*Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008) (citing *Jackson v. State,* 738 So. 2d 382, 386 (Fla. 4th DCA 1999)).

Accordingly, for Northland to have been able to utilize the cancellation notices attached to Mr. Johnson's deposition as proper summary judgment evidence under the business records exception to the hearsay rule, Mr. Johnson should have testified under oath as to the predicate requirements for the admissibility of these documents. *See id.* (citing § 90.803(6)(a), Fla. Stat. (2004)). Northland's defense on this point failed because Northland took no steps to sufficiently authenticate the documents under the business records exception to the hearsay rule during Mr. Johnson's deposition.[3] *See* § 90.803(6)(a), Fla. Stat. (2015).

Accordingly, we reverse the trial court's final declaratory judgment because it included findings of fact and conclusions of law that exceeded the parameters of the joint pretrial stipulation of the parties, and we remand for the entry of a final declaratory judgment consistent with this opinion and the jury's verdict.[4] As a result, we affirm the

---

[3] Whether or not Northland's representative, Drew Johnson, would have been able to lay a proper predicate for Broadway's business records and testify regarding those records is unknown, as Mr. Johnson was never asked the necessary questions to authenticate the documents during his deposition.

[4] S&M filed a post-trial motion for supplemental relief to recover damages. *See* § 86.011(2), Fla. Stat. (2015) ("Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action."). This motion is not before us because the trial court had not ruled upon it by the time the notice of appeal was filed.

trial court's denial of Northland's motion to correct the final declaratory judgment.  Finally, we affirm the trial court's denial of Northland's motion for summary final judgment for the reasons stated herein.

REVERSED and REMANDED with instructions.

ORFINGER and BERGER, JJ., concur.