IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PEDRO LEON,

     Appellant,

v.

CSB SERVICES, INC., NORTH
AMERICAN RISK SERVICES,
INC., SEA BRIGHT
INSURANCE

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3865

Opinion filed May 5, 2017.

An appeal from an order of Judge of Compensation Claims.
Gerardo Castiello, Judge.

Date of Accident:  December 19, 2000.

William F. Souza of the Law Offices of William F. Souza, P.A., North Miami Beach,
for Appellant.

Robert B. Griffis of the Law Office of Jones, Hurley & Hand, P.A., Orlando, for
Appellees.

PER CURIAM.

In this workers' compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying his claim for replacement of his authorized treating physician. For the reasons that follow, we reverse.

Claimant sustained a compensable injury in December 2000. He attained maximum medical improvement in 2002, but was left with a permanent impairment rating. When he moved to Lima, Peru, the Employer/Carrier (E/C) authorized a doctor of Claimant's choice, Dr. Linares. Despite this, in 2014, Claimant filed a petition for benefits (PFB) seeking authorization of Dr. Linares, and the JCC denied the claim as moot because Dr. Linares was already authorized and had never been deauthorized.* However, Dr. Linares was uncooperative with the Florida workers' compensation system; in the words of the JCC, he "has demonstrated his disinterest in being paid through workers' compensation by hanging up on the adjuster and by failing to follow up with her," and "his actions speak to his express desire not to cooperate with the workers' compensation system." The JCC in that order explained that Dr. Linares remained authorized even though he had chosen to be paid for that treatment via Peru's alleged "socialized medicine scheme" rather than via Florida workers' compensation.

---

* Claimant apparently misunderstood this order, as evidenced by his continued claims that the JCC had denied authorization of Dr. Linares – an assertion wholly unsupported by the record.

In July or August of 2015, Dr. Linares advised Claimant that he was (again in the JCC's words) "henceforth unwilling to treat" Claimant. Although the reason he was unwilling to treat is not entirely clear, there is no evidence or suggestion from the E/C that he had opined that no further treatment was medically necessary. In fact, the E/C seemed to believe that Dr. Linares was still treating Claimant (the E/C was unable to depose him). Accordingly, when Claimant filed a PFB seeking "authorization of an orthopedist to replace Dr. Linares," the E/C argued that Dr. Linares did not need replacing because he was continuing to treat Claimant. The E/C did not argue, at any time below, that further treatment was not medically necessary. Yet, in the order now appealed, the JCC denied the claim on the sole ground that Claimant had not proven medical necessity. The JCC rejected the argument the E/C *had* made, finding instead that treatment with Dr. Linares is no longer "a viable option" given his noncooperation and refusal to treat.

We agree with Claimant that the JCC erred in deciding this case based on medical necessity – a defense that was not raised. This Court has held that a JCC's *sua sponte* denial of a claim based on a defense not raised at all by the E/C below is a violation of the claimant's right to due process. See Rucker v. Just Brakes, 75 So. 3d 807 (Fla. 1st DCA 2011). Moreover, in the specific factual circumstances presented by this case, the E/C waived a challenge to medical necessity by not asserting it in the pretrial stipulation. Cf. Marin v. Aaron's Rent to Own, 53 So. 3d

3

1048, 1050 (Fla. 1st DCA 2010) ("Here, in response to Claimant's PFB for authorization of a physiatrist in Colombia, the E/C not only failed to raise the medical necessity defense in the pretrial statement, but took the additional and affirmative step of entering into a stipulation to provide a physiatrist in Colombia, obviating any defense or requirement of further proof."). And finally, the E/C's insistence that Dr. Linares was authorized was effectively a stipulation to medical necessity, rendering proof of medical necessity unnecessary. Cf. Franklin v. Riviera Beach Fire Rescue, 132 So. 3d 1219 (Fla. 1st DCA 2014) (holding JCC violated due process and abused his discretion in denying benefits for failure to prove medical necessity where E/C had conceded medical necessity).

Given the JCC's uncontested finding that treatment with Dr. Linares is no longer a viable option, we reverse and remand with instructions for entry of an order awarding authorization of an orthopedist to replace Dr. Linares.

REVERSED and REMANDED with instructions.

ROBERTS, C.J., MAKAR and JAY, JJ., CONCUR.